United States District Court
For the Northern District of California

1

2

3

4

5

6           IN THE UNITED STATES DISTRICT COURT

7

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   KEVIN ANTHONY MacGREGOR,                    No. C 08-2593 WHA (PR)

11           Petitioner,                         **ORDER DISMISSING PETITION
                                                 WITH LEAVE TO AMEND**
12     v.

13   V. M. ALMAGER,     Warden,

14           Respondent.
                                          /
15

16           This case was opened when petitioner mailed a package of exhibits to the court.  He

17   subsequently sent a petition in a separate envelope, and a new case was opened for it, C 08-

18   2593 WHA (PR).  Because C 08-2593 WHA (PR) was opened in error, it was dismissed and the

19   petition moved to this case.  Petitioner also paid the filing fee in C 08-2593 WHA (PR), and that

20   payment has now been credited to this case.  Petitioner may disregard the clerk's May 22, 2008,

21   notice to pay the filing fee or apply for leave to proceed in forma pauperis.

22           Venue is proper because the conviction was obtained in San Francisco County, which is

23   in this district.  *See* 28 U.S.C. § 2241(d).

24                                        **STATEMENT**

25           A jury convicted petitioner of second degree robbery.  With sentencing enhancements,

26   he was sentenced to thirty-five years to life.  His conviction was affirmed on direct appeal by

27   the California Court of Appeal, and the California Supreme Court denied review.  Petitioner

28   also filed state habeas petitions.

**United States District Court**
For the Northern District of California

**DISCUSSION**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) his trial counsel was ineffective in withholding exculpatory evidence at trial and trying to have petitioner declared incompetent to prevent the evidence being presented; (2) his appellate counsel was ineffective; (3) he was denied a fair trial by the trial court's exclusion of testimony from a "crucial witness" whose testimony would have conflicted with arrest report; (4) "waiver of constitutional right to cause of defense;" and (5) the trial court violated the California Evidence Code.

Claim five involves only a state law claim which cannot be the basis for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  It will be dismissed.

In none of the other claims has petitioner provided sufficient facts to "point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  For instance, in the first issue he does not say what

2

United States District Court

For the Northern District of California

1  the exculpatory evidence was or what his counsel's attempt to have him declared incompetent

2  had to do with his purported inability to present the evidence in court.  In the second issue,

3  petitioner does not say what issues appellate counsel should have raised in addition to those she

4  did raise; in the third issue, he does not say who the witness was whose testimony was excluded

5  or what the witness would have said.  Finally, in the fourth issue petitioner says that the claim is

6  "Waiver of Constructional Right to Cause of Defense" and gives these "facts" in support of it:

7  "[a]ppellate Counsel 'concealed' vindicating information in my Motion for New Trial; and to

8  Take Judicial Notice of Evidence, from Appellate Review."  This is incomprehensible.

9      Petitioner has provided a large number of exhibits, but the Court will not search through

10  these on the chance that a cognizable habeas issue might be found there, or in the hopes of

11  understanding the issues as presented in the petition.  Petitioner must provide enough

12  information in the petition itself to allow a determination whether an order to show cause should

13  issue.  The petition will be dismissed with leave to amend\ to remedy to deficiencies identified

14  above.

### CONCLUSION

16      1. Issue five is **DISMISSED**.

17      2. The remaining claims are **DISMISSED** with leave to amend within thirty days from the

18  date of this order.  The amendment must be on the court's form for Section 2254 habeas

19  petitions.  It must include the caption and civil case number used in this order and the words

20  AMENDED PETITION on the first page.  Failure to amend within the designated time will

21  result in the dismissal of these claims.

22      2. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the court

23  informed of any change of address and must comply with the court's orders in a timely fashion.

24  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

25  Federal Rule of Civil Procedure 41(b).

26      **IT IS SO ORDERED.**

27  Dated:  June ___2___, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\MACGREGOR2593.DWL.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


KEVIN A. MACGREGOR,

          Plaintiff,

  v.

ALMAGER,

          Defendant.

Case Number: CV08-02593 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Kevin A. MacGregor
V-94008/ C-2, 140u
Centinela State Prison
PO Box 921
Imperial, CA 92251

Dated: June 2, 2008

                        Richard W. Wieking, Clerk
                        By: D. Toland, Deputy Clerk