1    PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2    Name  MacGregor      Kevin           A.
           (Last)          (First)         (Initial)

3    Prisoner Number _____ CDCR# V-94008

4    Institutional Address  Centinela State Prison / C-2,140u

5                           P.O. Box 921, Imperial, CA 92251

6    ==========================================================

             UNITED STATES DISTRICT COURT
7            NORTHERN DISTRICT OF CALIFORNIA

8    KEVIN ANTHONY MACGREGOR
     (Enter the full name of plaintiff in this action.)
9                                          )
                    vs.                    )    Case No. _____
10                                         )    (To be provided by the clerk of court)
     WARDEN, V.M. ALAMAGER                 )
11   _____      )    PETITION FOR A WRIT
                                           )    OF HABEAS CORPUS
12   _____      )
                                           )
13   _____      )
                                           )
14   (Enter the full name of respondent(s) or jailer in this action)  )
                                           )
15                                         )

16   ==========================================================
                Read Comments Carefully Before Filling In

17   When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19   counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located. If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined. Habeas L.R. 2254-3(b).

     PET. FOR WRIT OF HAB. CORPUS        - 1 -

1

2

## TABLE OF CONTENTS

3   Pg 1.   Surface page of Petition for Writ of Habeas Corpus.

4   Pg 2.   Table of Contents.

5   Pg 3 - 9.   Questioniare Sheets, Grounds of Claim, and a verification.

6   Pg 10.   Proof of Service.

7

8                                I

9                       **ATTACHED APPENDIXES**

10  EXHIBITS

11  [Def Exhibit#1] Petition for Writ of Habeas Corpus to California
    Supreme Court.   Filed Oct 1,2007.

12
    [Def Exhibit#2] Denial of Petition for Writ of Habeas Corpus to
13  California Supreme Court.   Filed April 30,2008.

14

15                               II

16                      **UNATTACHED APPENDIXES**

17  EXHIBITS

18  [Def Exhibits: A -- N]; See Table of Contents in [Def Exhibit#1],
    attached!
19

20  //

21

22

23

24

25

26

27

28

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12          (a)    Name and location of court that imposed sentence (for example; Alameda

13                 County Superior Court, Oakland):

14          Superior Court, Dept 24    850 Bryant St,S.F. CA

15                 Court                              Location

16          (b)    Case number, if known  Superior Court No# 180461

17          (c)    Date and terms of sentence 8/31/05, 35-yrs -- Life!

18          (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                 parole or probation, etc.)            Yes  X    No _____

20                 Where?

21                 Name of Institution: _____ Centinela State Prison

22                 Address: P.O. Box 921, Imperial, CA 92251

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  Second Degree robbery [P.C. 212.5(c)]; 3-Strikes pursuant

27  to [P.C.667(b)-(i)/1170.12] and "2-two" 5-yr Priors [P.C.

28  667(a)] consecutive, for total term of 35-yrs -- Life!

PET. FOR WRIT OF HAB. CORPUS

3.

1    3. Did you have any of the following?

2        Arraignment:             Yes __X__    No _____

3        Preliminary Hearing:      Yes __X__    No _____

4        Motion to Suppress:       · Yes _____    No __X__

5    4. How did you plead?

6        Guilty _____    Not Guilty __X__  Nolo Contendere _____

7        Any other plea (specify) _____

8    5. If you went to trial, what kind of trial did you have?

9        Jury __X__    Judge alone_____  Judge alone on a transcript _____

10    6. Did you testify at your trial?         Yes _____    No __X__

11    7. Did you have an attorney at the following proceedings:

12        (a)    Arraignment          Yes __X__    No _____

13        (b)    Preliminary hearing    Yes __X__    No _____

14        (c)    Time of plea         Yes _____    No _____

15        (d)    Trial              Yes __X__    No _____

16        (e)    Sentencing          Yes __X__    No _____

17        (f)    Appeal            Yes __X__    No _____

18        (g)    Other post-conviction proceeding   Yes _____    No __X__

19    8. Did you appeal your conviction?        Yes __X__    No _____

20        (a)    If you did, to what court(s) did you appeal?

21              Court of Appeal        Yes __X__    No _____

22              Year: _2006_    Result: Judgment affirmed, 2/16/07

23              Supreme Court of California   Yes __X__    No _____

24              Year: _2007_    Result: __ Denied Review, 5/9/07

25              Any other court         Yes _____    No __X__

26              Year: _____    Result:_____

27

28        (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS

The Grounds of my Appeal; (1)Double Jeopardy, and (2)Cruel
and Unusual Punishment are referred to in Exhibit#1, att-
ached; although I deem them as Ineffective!

1    petition?                                    Yes _____    No __X__

2    (c)    Was there an opinion?                 Yes __X__    No_____

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                 Yes _____    No __X__

5           If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?       Yes __X__    No_____

10       [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition.  You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15   U.S.C. §§ 2244(b).]

16       (a)    If you sought relief in any proceeding other than an appeal, answer the following

17              questions for each proceeding.  Attach extra paper if you need more space.

18       I.     Name of Court:    California Court Of Appeals

19              Type of Proceeding: Petition for Writ of Habeas Corpus

20              Grounds raised (Be brief but specific):

21              a. (1) Ineffective Assistance of Counsel, (2) Ineffect-

22              b. iveness OF Counsel on Appeal, (3)State Court Errors

23              c. that Denied Defendant Fair Trial were Basis oF Convict-

24              d. ion (4) Waiver of Constitution Right To Cause of defense (5) Plain Error.

25              Result: _____Denied!_____ Date of Result: 9/6/07

26       II.    Name of Court:    California Suprere Court

27              Type of Proceeding: Petition for Writ of Habeas Corpus

28              Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS

a. *(1) Ineffective Assistance of Counsel, (2) Ineffectiveness*

b. *of Counsel on Appeal, (3) State Court Errors that Denied*

c. *Defendant Fair Trial were Basis of Conviction, (4)*

d. *Waiver of Constitutional Right To Cause of defense, (5) Plain Error.*

Result: _____Denied!_____ Date of Result: 4/30/08

III.   Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result: _____Date of Result:_____

IV.   Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result: _____Date of Result:_____

(b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____   No _X_

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened?

Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS

6.

1    need more space.  Answer the same questions for each claim.

2    [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3    petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    Claim One:_____    INEFFECTIVE ASSISTANCE OF COUNSEL

6    _____

7    Supporting Facts:_ Trial Counsel witheld vindicating informat-

8    ion (at trial) which he had knowledge of at time. Then,

9    tried to have me declared incompetent so I would'nt be-

10   able to present it; which I later did via Motion for New Trial.

11   Claim Two:_____    INEFFECTIVENESS OF COUNSEL ON APPEAL

12   _____

13   Supporting Facts:_ Appellate Counsel only raised the "2-issues"

14   sentencing attorney presented; (1)Double Jeopardy, and

15   (2)Cruel and Unusual Punishment; which in itself is In-

16   effective according to Supreme Court rulings on 3-Strikes.

17   Claim Three:__ STATE COURT ERRORS THAT DENIED DEFENDANT A

18   FAIR TRIAL WERE BASIS OF CONVICTION

19   Supporting Facts:_ Trial Judge used Evidence Code 352 to "Ex-

20   clude a "crucial witness" to my defense who's testimony

21   of the arrest conflicts with arresting officer's report

22   and testimony.  (See following Page, Grounds #4 & #5)!

23   If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25   _____

26   _____

27   _____

28   _____

PET. FOR WRIT OF HAB. CORPUS

1  Claim Four:   **WAIVER OF CONSTITUTIONAL RIGHT TO CAUSE OF DEFENSE**

2

3  Supporting Facts: Appellate Counsel "concealed" vindicating infor-

4  mation in my Motion for New Trial; and to Take Judical Notice of

5  Evidence, from Appellate Review.

6

7  Claim Five:                    **"PLAIN ERROR"**

8

9  Supporting Facts:  The Trial Court "refuse" to Take Judicial Notice

10  of Evidence; violating State Evidence Code Statutes -- the Law!

11

12

13  //

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:

4    Please see [Def Exhibit#1] Petition for Writ of Habeas

5  Corpus to California Supreme Court, page 4: Table of Auth-

6  orities, attached!

7  Do you have an attorney for this petition?             Yes____     No_ X _

8  If you do, give the name and address of your attorney:

9 

10     WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on _May 14, 2008_       _Kevin A. MacGregor_

14              Date                   Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS

## PROOF OF SERVICE

I the undersigned, hereby declare that I am over the age of eigh-teen (18), and that I am incarcerated at Centinela State Prison in Imperial, California. That I am a party to this action, and on the _14_ day of _May_____, 2008, I served a true and complete copy of the following:

**1-ORIGINAL AND 1-COPY OF PETITION FOR WRIT OF HABEAS CORPUS, WITH [DEF EXHIBIT#1] AND [DEF EXHIBIT#2] ATTACHED; PLACED IN A 9 X 12 MANILA ENVELOPE WITH SELF ADDRESSED-STAMPED-ENVELOPE AND LETTER REQUESTING CLERK RETURN "COPY" FILED/NUMBERED, INSIDE. AND A SEP-ARATE 12 X 15 MANILA ENVELOPE WITH UNATTACHED EXHIBITS [DEF EXHIB-ITS: A -- N] INSIDE; ALL SENT TO U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

by handing it to institutional staff with First Class Postage pre-paid in full for mailing to the following addresses:

U.S. DISTRICT COURT FOR NORTHERN
DISTRICT OF CALIFORNIA,
450 GOLDEN GATE AVENUE,
SAN FRANCISCO, CA 94102-3483

ATTORNEY GENERAL FOR THE STATE
OF CALIFORNIA,
455 GOLDEN GATE AVENUE,
SUITE 11000
SAN FRANCISCO, CA 94102-3664

WARDEN, V.M. ALAMAGER
CENTINELA STATE PRISON
2302 BROWN ROAD, P.O. BOX 921,
IMPERIAL, CALIFORNIA 92251

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _May 14, 2008_____, in Imperial, Calif-ornia.

_Kevin A. MH C Gregor_
Kevin A. MacGregor, In Pro se

MC-275

Name **Kevin A. MacGregor (In Pro Per)**

Address **High Desert State Prison**

**#B,Bld#1,102 L /P.O. Box 3030**

**Susanville, California 96127-3030**

CDC or ID Number   **CDC# V-94008**

**SUPREME COURT
FILED**

**OCT  1 2007**

**Frederick K. Ohlrich Clerk**

## SUPREME COURT, STATE OF CALIFORNIA Deputy

## CITY AND COUNTY OF SAN FRANCISCO
(Court)

| | |
|---|---|
| **KEVIN ANTHONY MACGREGOR** | **PETITION FOR WRIT OF HABEAS CORPUS** |
| Petitioner | |
| vs. | No. **S156752** |
| **WARDEN, THOMAS FELKER** | *(To be supplied by the Clerk of the Court)* |
| Respondent | |

### INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

**Page one of six**

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**DEFENDANT'S
EXHIBIT
# 1**

# TABLE OF CONTENTS

Pg 1. Surface page of petition for Writ.

Pg 2 - 3. Table of Contents.

Pg 4. Table of Authorities.

Pg 5. Questionaire sheet.

Pg 6 - 9. Ground#1  In violation of Ineffective Assistance of Counsel; and Ineffectiveness of Counsel on Appeal.

Pg 10 - 12. Ground#2  State court errors that denied defendant a fair trial were basis of conviction; and requesting the examination of Motion for New Trial (and to Take Judicial Notice of evidence).

Pg 13 - 14. Questionaire sheets and a verification.

Pg 15. Proof of Service.

I

## ATTACHED APPENDIXES

EHHIBITS

[Def Exhibit A-1] California Supreme Court denial of Petition for Review on direct Appeal. Filed May 9,2007.

[Def Exhibit B-1] Notice of Appeal. Filed September 2,2005.

[Def Exhibit C-1] A declaration (by me) correcting statements in error appellate counsel made in the Opening Brief. Dated September 2, 2006.

[Def Exhibit D-1] California Appellate Court denial of (this) Petition for Writ of Habeas Corpus. Filed September 6,2007.  And a leter/ petition to the California Supreme Court Justices reflecting my response to the denial. Dated September 12,2007.

II

## UNATTACHED APPENDIXES

EXHIBITS

[Def Exhibit A] Judgment affirmed by the Appellate Court. Filed February 16,2007.

[Def Exhibit B] Trial counsel's Sentencing Memorandum. Filed July 11, 2005.

2.

1  [Def Exhibit C] Appellate counsel's Opening Brief. Filed August 2006.

2  [Def Exhibit D] Reporter's Transcript of hearing presenting Motion
   for New Trial, Supplemental information, and Motion to Dismiss. Filed
3  September 3,2004 in Dept 19.

4  [Def Exhibit E] Motion for New Trial, with Exhibits: A - Q. Filed
   September 3,2004 in Dept 19.
5
   [Def Exhibit F] Supplemental Information in support of Motion for
6  New Trial (Deposition of victim). Filed September 3,2004 in Dept 19.

7  [Def Exhibit G] Motion to Dismiss under P.C.1385. Filed September 3,
   2004 in Dept 19.
8
   [Def Exhibit H] Motion to Continue (Pen.Code 1050). Filed September
9  13,2004.

10 [Def Exhibit I] The People's Opposition to Motion for New Trial.
   Filed October 20,2004.
11
   [Def Exhibit J] Reply Motion to the People's Opposition to Motion
12 for New Trial. Filed October 28,2004.

13 [Def Exhibit K] Reporter's Transcript of hearing on Motion for New
   Trial. Filed November 16,2004.
14
   [Def Exhibit L] Motion to Take Judicial Notice of evidence. Filed
15 November 30,2004.

16 [[Def Exhibit M] Reporter's Transcript of denial to Take Judicial
   Notice. Filed January 26,2005.
17
   [Def Exhibit N] Petition for Writ of Habeas Corpus, containing Evid-
18 ence Code authorities. Filed February 17,2005 in the California
   Supreme Court.
19

20 //

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## CONSTITUTIONAL

U.S. Const amend V, XIV, VI ................................ 6.

U.S. Const, amend VI, Smith v. Robbins 525 U.S. 259 (2000).. 6.

Due Process, amend XIV, Evittis v. Lucey,469 U.S. 387, 83 L.Ed
2d 821, 105 S.Ct 830 ...................................... 9.

U.S. Const, amend VI, Strickland v. Washington,466 U.S. 668
(1984) ................................................... 9.

Due Process, amend XIV, State v. Hunnel, Idaho 1994, 873 P.2d
877, 125 Idaho ........................................... 9.

Due Process, amend XIV, Estelle v. McGuire,502 U.S. 62 (1991).10.

Due Process, amend XIV, U.S. v. Davis,974 F.2d 182 (D.C.Cir
1992) .................................................... 10.

Due Process, amend XIV, U.S. v. Young, 470 U.S. 1, 105 S.Ct
1038, 84 L.Ed.2d 1 (1985) ................................ 11.

## FEDERAL CASES

Romero v. Tansy, 46 F.3d 1024 (10th Cir.1995) ............. 6.

Gete v. Immigration and Natrualization Service, 121 F.3d 1285,
1293 (9th Cir.1997) ...................................... 6.

## STATE CASES

Hickey v. Roby (1969) 273 C.A.2d 752,755, 77 C.R. 486; 1 Civil
Appellate Practice 3d,11.87 .............................. 8.

Roscoe Moss Co. v. Roggero, 54 Cal.Rptr 911,246 C.A.2d 781.. 8.

(5 C 4th at 797) ......................................... 10.

(36 C.3 825,826.) ......................................... 11.

In re Duran (1974) 38 CA.3d 632, 113 CR 442 ............... 12.

In re Terry (1971) 4 C.3d 911, 95 CR 31 ................... 12.

## STATUTES

Penal Code 1237(a), 1466(2)(A) See 6 Cal.Crim.L(3d), Criminal
Appeal, 49.) ............................................. 7.

Evidence Code 451,453 , 459(a), 459 ...................... 8.

This petition concerns:

☐ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☒ Other *(specify):* Suppression of Appellate Review of Motion for New Trial and evidence.

1. Your name: _____ Kevin Anthony MacGregor

2. Where are you incarcerated? High Desert State Prison, P.O. Box 3030, Susanville, CA

3. Why are you in custody?    ☒ Criminal Conviction    ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

Conviction of Second Degree robbery, P.C. Section 212.5(c), April 23,2003

I received 3-Strikes and 2-two consecutive 5-five year priors.

b. Penal or other code sections: 667(c)(2) 25 - Life, and; 2-Five Year Priors P.C 667(a)

c. Name and location of sentencing or committing court: Superior Court, Dept 24. 850 Bryant Street, San Francisco, CA 94103

d. Case number: Superior Court Number: 180461

e. Date convicted or committed: April 23,2003

f. Date sentenced: August 31,2005

g. Length of sentence: 35-years - Life!

h. When do you expect to be released? _____

i. Were you represented by counsel in the trial court?    ☒ Yes.    ☐ No. If yes, state the attorney's name and address:

Attorney, Micheal Whelan, Jr. 235 Montgomery Street, Suite 838, San Francisco, CA 94104

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty    ☐ Guilty    ☐ Nolo Contendere    ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

IN VIOLATION OF PETITIONER'S RIGHT TO EFFECTIVE ASSISTANCE OF COUN-
SEL, AS GUARANTEED BY THE UNITED STATES CONSTITUTION, AND THE FIFTH
AND FOURTEENTH AND SIX AMENDMENT

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did *exactly* *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

I was charged with robbery (Pen.Code 212.5(c)) in San Francisco Sup-
erior Court. A conviction was sustained, and on August 31,2005 I was
sentenced to 35 yrs - Life (3-Strikes and 2-two Five-year Priors).
On February 16,2007 the judgment was "affirmed" on Appeal [Def Exh-
ibit A]. Counsel Petition for Review in the California Supreme Court
which was denied May 9,2007 - see [Def Exhibit A 1] attached.

 The only issues my appellate attorney, Juliana Drous  addressed on
Appeal were those raised at my Sentencing: (1)Double Jeopardy, and
(2)Eighth Amendment Prohibition against Cruel and Unusual Punishment;
see trial counsel's Sentencing Memorandum [Def Exhibit B], then re-
view appellate counsel's Opening Brief [Def Exhibit C]...[Def Exhib-
it C 1] attached to petition, is a declaration by me correcting st-
atements in Error counsel made in the Opening Brief.    (continued)

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

INEFFECTIVENESS OF COUNSEL ON APPEAL. Smith v. Robbins 528 U.S. 259
(2000). Romero v. Tansy, 46 F.3d 1024 (10th Cir.1995): "A defend-
ant's right to effective assistance of counsel applies not just at
trial but also on direct appeal."

6.

1  None of the following issues innumerated in the Motion for a New
2  Trial [Def Exhibit E], were addressed:
3  (1)Prosecutorial Misconduct,(2)destruction of a "sustantial part of
4  the transcript" which affects the court's ability to review the iss-
5  ue of Prosecutorial Misconduct,(3)the refusal of the trial court to
6  allow the testimony of a defense witness in violation of my Six Am-
7  endment right, (4)newly discovered evidence,(5)trial counsel's re-
8  fusal to disclose Exculpatory Evidence which resulted in the denial
9  of my Six Amendment right to a fundamental fair trial, and (6)denial
10 of discovery (Pitchess Material) in violation of my Fourteenth Amen-
11 dment right to Due Process and Equal Protection.
12  The Notice of Appeal [Def Exhibit B-1] attached to petition, clear-
13 ly expresses "critical issues" I requested review of.. I petition
14 Counsel (repeatedly) throughout "six extentions" and plead for her to
15 address these issues..e.g. augmentation of the record would reveal
16 Prosecutorial Misconduct (the reporter's notes of the People's Clos-
17 ing Argument) but Counsel "refused to address any of those issues
18 which I begged her to do". California law is very clear, that a Mot-
19 ion for New Trial may be taken under review upon appeal - mine was
20 not!

> Upon appeal from a final judgment or an order granting prob-
> ation, the court may review any order denying a motion for a
> new trial (P.C.1237(a),1466(2)(A) see 6 Cal.Crim.law(3d),
> Criminal Appeal,49.)

24  Counsel deprived me the right to appellate review of issues vital to
25 the defense of my case - intentionally! Critical facts and evidence
26 which was erroneously denied in the trial court, in the Motion for
27 New Trial; and to Take Judicial Notice of Evidence, was sweep "under

7.

1    the carpet" (again) by appellate counsel, incurring very Harmful

2    consequences of my fundamental right to a fair review.

3        "The reviewing court shall take judicial notice of (1)each ma-
         tter properly noticed by the trial court that it was required
4        to notice under Section 451 or 453." (Ev.C 459(a)); see Hickey
         v. Roby (1969) 273 C.A.2d 752,755, 77 C.R.486; 1 Civil Appel-
5        late Practice 3d, 11.87.)
         Obviously, matters properly noticed by the trial judge must be
6        noticed on appeal. But the Code goes further; if a party makes
         an appropriate request for notice of an optional matter and co-
7        mplies with the procedure (supra,36), the judge's unwarrant fa-
         ilure or refusal to take notice is immaterial; the appellate
8        court must do so (see Law Rew.Com.Comment to Ev.C 459.)

9    Counsel never gave the appellate court opportunity to Take Judicial

10   Notice of the evidence in mention. Her suppression of this informa-

11   tion affected a "fair standard of review" to such an extent it re-

12   sulted in a miscarriage of justice.

13   While counsel has broad authority to enter into stipulations relat-

14   ive to conduct of case, authority does not extend to waiving client's

15   cause of action or defense without authority on part of client. Ros-

16   coe Moss Co. v. Roggero, 54 Cal.Rptr 911, 246 C.A.2d 781 ; "Constit-

17   utional right may ordinarily be waived only if it can be clear and

18   convincing evidence that the waiver is voluntary, knowing, and intel-

19   ligent.. In the absence of such an evidentiary showing, a waiver of

20   constitutional right is not to be implied and is not lightly to be

21   found... more-over, in accord with the rule the acquience cannot be

22   presumed in the loss of fundamental rights.. it is a central tenent

23   of constitutional law that courts indulge every reasonable presump-

24   ion against waiver." Gete v. Immigration and Natrualization Service,

25   121 F.3d 1285,1293 (9th Cir.1997).

26       "Note! In a Post Conviction, Pre-Sentence Writ of Habeas Corpus, I

27   "warned" this Court and the State Supreme Court that something to

28

                              8.

1   this extent was likely to happen [see Exhibit N]. The petition for

2   Writ also contains California Evidence Code Laws, pertinent to evid-

3   ence I'm requesting Judicial Notice of."

4     Evittis v. Lucey, 469 U.S.387, 83 L.Ed.2d 821, 105 S.Ct 830 (1985):

5   "The due process clause of the Fourteenth Amendment guarantees a

6   criminal defendant the effective assistance of counsel on a first

7   appeal, as of right"..

8     Appellate Counsel "intentionally" undermined the judicial process

9   by concealing evidence in my favor from the court, "which if reviewed"

10   would likely result in Reversal.

11         Ineffective assistance of counsel claim must meet the two-
          pronged test described in Strickland v. Washington, 466 U.S.
12         668 (1984): (1)Counsel's performance fell bellow an object-
          ive standard of reasonableness; and (2)Counsel's deficient
13         performance prejudiced the defendant resulting in an unrel-
          iable or fundamentally unfair outcome of the proceeding.
14

15   The record before this Court for review will undoubtedly reflect,

16   the "standard" of Ineffectiveness of Appellate Counsel have merit

17   herein.

18   "Fundamental Error" is error which so profoundly distorts trial that

19   it produces manifest injustice and deprives defendant of his funda-

20   mental right to due process. State v. Hunnel, Idaho 1994, 873 P.2d

21   877, 125 Idaho

22   //

23

24

25

26

27

28

7. **Ground 2 or Ground** __2__    *(if applicable):*

---

STATE COURT ERRORS THAT DENIED DEFENDANT A FAIR TRIAL WERE BASIS OF
CONVICTION. Estelle v. McGuire, 502 U.S. 62 (1991)

---

a. Supporting facts:

A Motion to Take Judicial Notice of Evidence [Def Exhibit L], was
erroneously denied in the trial court, December 28,2004; see Report-
er's Transcript of hearing [Def Exhibit M]. That Motion entails fact-
ors of "exculpatory evidence" which should've been available at trial
(especially reviewed on Appeal) but neither were the case. Trial co-
unsel "declared a doubt" to conceal this information, and tried to
have me declared incompetent to prevent usage of it by me. However,
after a year of this hell I was fortunate enough to come before Sup-
erior Court Judge Julie Tang, who "restored my competency" and allowed
me to represent myself, which enabled me to get this evidence as part
to the record that's now before You. Trial Counsel et.al, have done
"unimaginable things" to prevent this.

A "Fundamental Miscarriage of Justice" occurs when it can be demon-
strated (5 C 4th at 797):

(1)That error of constitutionl magnitude led to a trial that was so

(Con't next page)

THE TRIAL COURT COMMITTED "PLAIN ERROR" IN THEIR "REFUSAL" TO TAKE
JUDICIAL NOTICE OF EVIDENCE:

b. Supporting cases, rules, or other authority:

U.S. v Davis, 974 F.2d 182 (D.C. Cir.1992): For appellate court to over-
turn a conviction under [plain error standard], the error complain of
must meet at least three requirements; It must be a plain one (i.e. so
obvious that the judge should have recognized it on his own); it must
affect the substantial right of parties (i.e. it cannot be merely harm-

(Con't top next Page)

less); finally, it must be one that "seriously affects the fairness, integrity, or public reputation of judicial proceeding. See U.S. v. Young, 470 U.S. 1, 105 S.Ct.1038, 84 L.Ed.2d 1 (1985)"

fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner.

If the defendant did not have a fair trial on the merits, and the newly discovered evidence would probably produce a different result on retrial, it is inappropriate to punish defense counsel's lack of diligence by sustaining the judgment against the defendant. Although such lack of diligence will often demonstrate constitutionally inadequate representation, the trial court's focus should be on the significance and impact of the new evidence, not on the failing of counsel (36 C.3d 825,826.)

REQESST FOR THE EXAMINATION OF MOTION FOR NEW TRIAL (AND TO TAKE JUDICIAL NOTICE OF EVIDENCE) FOR ERRORS MADE BY THE TRIAL COURT

Since the trial court's "Errors" that denied me a fair trial were the basis of my conviction, I'm requesting that this court examine those errors incorporated in the Motion for New Trial, and Motion to Take Judicial Notice of Evidence.

The following Exhibits (unattached appendixes) cover the entire briefing period on the Motion for New Trial in the trial court; and to Take Judicial Notice of Evidence:

1. [Def Exhibit D] Reporter's Transcript of hearing September 3,2004 in Dept 19, before Judge Jonh K.Stewart.

2. [Def Exhibit E] Motion for New Trial, with Exhibits; A - Q. Filed September 3,2004 in Dept 19, before Judge John K. Stewart.

3. [Def Exhibit F] Supplemental Information in support of Motion for New Trial (Deposition of the victim). Filed September 3,2004 in Dept 19, before Judge Jonh K.Stewart.

11.

4. [Def Exhibit G] Motion to Dismiss under P.C. Section 1385 (supplemental to Motion for New Trial). Filed September 3,2004, in Dept 19 before Judge, John K.Stewart.

5. [Def Exhibit H] Motion to Continue (Pen.Code 1050). Filed September 13,2004.

6. [Def Exhibit I] The People's Opposition to Motion for New Trial. Filed October 20,2004.

7. [Def Exhibit J] Reply Motion to the People's Opposition to Motion for a New Trial. Filed October 28,2004.

8. [Def Exhibit K] Reporter's Transcript of hearing on Motion for a New Trial. Filed November 16,2004.

9. [Def Exhibit L] Motion to Take Judicial Notice of Evidence. Filed November 30,2004.

10. [Def Exhibit M] Reporter's Transcript of denial to Take Judicial Notice of Evidence. Filed January 26,2005.

//

### SUFFICIENT GROUNDS FOR HABEAS CORPUS RELIEF

Appeal is unavailable or otherwise is not adequate remedy under the circumstances. See In re Duran (1974) 38 CA.3d 632, 113 CR 442. Habeas corpus is not a mere substitute for an appeal (In re Terry 1971) 4 C.3d 911, 95 CR 31), but it may lie when appeal is an inadequate remedy in a variety of situations.

### CONCLUSION

After review of the information herein, I Pray that the Court forgives my shameful behavior of the past, and judge's this Petition on the facts and it's merits.

//

Respectfully Submitted;

Date September 27, 2007

Kevin A. MacGregor (In Pro Per)

12.

8. Did you appeal from the conviction, sentence, or commitment?   XX Yes.   ☐ No.   If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
   California Court of Appeal, First Appellate District, Division one.

   b. Result: The Judgment was affirmed.          c. Date of decision: February 16,2007

   d. Case number or citation of opinion, if known:   A-111338

   e. Issues raised: (1)   Double Jeopardy

      (2) Eighth Amendment Prohibition against Cruel and Unusual Punishment.

      (3) _____

   f. Were you represented by counsel on appeal?   XX Yes.   ☐ No.   If yes, state the attorney's name and address, if known:

   Attorney, Juliana Drous, SBN 92156.   214 Duboce Ave, S.F. CA 94103

9. Did you seek review in the California Supreme Court?   XX Yes.   ☐ No.   If yes, give the following information:

   a. Result: Denied review!                      b. Date of decision: May 9,2007

   c. Case number or citation of opinion, if known:   S151330

   d. Issues raised: (1)   Double Jeopardy

      (2) Eighth Amendment Prohibition against Cruel and Unusual Punishment.

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    Appellate Counsel "concealed" this information from Review on direct Appeal.

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   b. Did you seek the highest level of administrative review available?   ☐ Yes.   ☐ No.
      *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [X] Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: California Court of Appeals, First Appellate District, Div One.

   (2) Nature of proceeding (for example, "habeas corpus petition"): Petition for Writ of Habeas Corpus.

   (3) Issues raised: (a) To Take Judicial Notice of Evidence (before sentenced)!

   (b) _____

   (4) Result (Attach order or explain why unavailable): Denied! Decision is in storage.

   (5) Date of decision: February 3,2005

   b. (1) Name of court: California Supreme Court.

   (2) Nature of proceeding: Petition for Writ of Habeas Corpus.

   (3) Issues raised: (a) To Take Judicial Notice of Evidence (before sentenced)!

   (b) _____

   (4) Result (Attach order or explain why unavailable): Denied! Decision is in storage.

   (5) Date of decision: March 23,2005

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

   _____

   _____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

   These "issues" were suppose to be addressed by appellate

   counsel on direct Appeal - but were'nt!

16. Are you presently represented by counsel? ☐ Yes. [X] No. If yes, state the attorney's name and address, if known:

   _____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. [X] No. If yes, explain:

   _____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   This is the approriate court for the claims being made.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: September 27, 2007

▶ Kevin A. MacGregor
(SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]       **PETITION FOR WRIT OF HABEAS CORPUS**       Page six of six

<u>PROOF OF SERVICE BY PERSON IN STATE CUSTODY</u>

    I the undersigned, hereby declare that I am over the age of eighteen (18), and that I am incarcerated at High Desert State Prison in Susanville, California, that [X] I am [ ] am not a party to this action, and that on the 27th day of September , 200 7 , I served a true and complete copy of the following:

```
(PETITION FOR WRIT OF HABEAS CORPUS,1-ONE ORIGINAL WITH [DEF EX- )
(HIBITS: A-1,B-1,C-1 & D-1] ATTACHED! AND "2-SETS" OF EACH OF THE)
(FOLLOWING: [DEF EXHIBITS: A - N] UNATTACHED APPENDIXES! "EACH   )
(SET" PLACED IN SEPARATE (INDIVISUAL) 12 X 15½ MANILA ENVELOPES: )
(2-ENVELOPES! AND A "SEPARATE" 12 X 15¼CONTAINING 11-COPIES OF   )
(THE PETITION FOR WRIT (AN EXTRA FOR ME),REQUESTING THE CLERK    )
(RETURN ME A FILED/NUMBERED COPY IN SASE, ENCLOSED.              )
```

by handing it to institutional staff with First Class Postage prepaid in full for mailing to the following address(s):

```
(                                                               )
( CALIFORNIA SUPREME COURT        ATTORNEY GENERAL FOR THE STATE)
( 350 MACALLISTER STREET,         OF CALIFORNIA                 )
( SAN FRANCISCO, CA 94102  (AND)  455 GOLDEN GATE AVENUE, SUITE )
(                                 11000                         )
(                                 SAN FRANCISCO, CA 94102-3664  )
(                                                               )
(                                                               )
(_____)
```

    I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON  September 27, 2007  , in Susanville, California.

Kevin A. MacGregor
(Print Name)

Kevin A. MacGregor
(Signature)

Court of Appeal, First Appellate District, Div. 1 - No. A111338
**S151330**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

KEVIN A. MACGREGOR, Defendant and Appellant.

The petition for review is denied.



SUPREME COURT
**FILED**

MAY - 9 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE

Chief Justice



DEFENDANT'S
EXHIBIT

*A-1*

ENDORSED CR-120
FILED

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Wm. MICHAEL WHELAN, Jr *(Bar No. 112190)*<br>235 Montgomery Street, Suite 838<br>San Francisco, California 94104<br><br>TELEPHONE NO.: 415-874-7081    FAX NO.: 415-874-7082<br>ATTORNEY FOR *(Name):* Kevin A. MacGregor | SAN FRANCISCO COUNTY<br>SUPERIOR COURT<br><br>2005 SEP -2  PM 3: 45<br><br>GORDON PARK-LI, CLERK<br><br>BY: _____ mary<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

PEOPLE OF THE STATE OF CALIFORNIA
vs.

DEFENDANT:  KEVIN ANTHONY MACGREGOR
Date of birth: 12/1/54   California Dept. of Corrections No. *(if applicable):* V-94008

| NOTICE OF APPEAL—FELONY (DEFENDANT)<br>(Pen. Code, §§ 1237, 1538.5(m); Cal. Rules of Court, rule 31(d)) | CASE NUMBER(S):<br>180461 |
|---|---|

## NOTICE

• If your appeal challenges the validity of the plea you must complete the *Request for Certificate of Probable Cause* on the other side of this form. (Pen. Code, § 1237.5.)
• You must file this form in the superior court within 60 days after entry of judgment.

1. Defendant *(name):*  KEVIN A. MACGREGOR
   appeals from the order or judgment entered on *(specify date of order, judgment, or sentence):* August 31, 2005

2. This appeal follows:

   a. [X] A jury or court trial. (Pen. Code, § 1237(a).)

   b. [ ] A contested violation of probation. (Pen. Code, § 1237(b).)

   c. [ ] A guilty (or no-contest) plea or an admitted probation violation *(check all boxes that apply):*

      (1) [ ] This appeal is based on the sentence or other matters occurring after the plea. (Cal. Rules of Court, rule 31(d).)

      (2) [ ] This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5.

      (3) [ ] This appeal challenges the validity of the plea or admission. *(You must complete the* Request for Certificate of Probable Cause *on the other side of this form.)*

   d. [X] Other *(specify):* (1)Trial attorney failed to investigate and present Exculp-atory Evidence,(2)Prosecutorial Misconduct,(3)Judicial Error,stop testi-mony of compulsory witness,(4)Denial of Due Process right to a fair trial, and Motion for New Trial by suppressing evidence,(5)Declaring a Doubt (to suppress evidence) resulting in a denial of Due Process Rights.

3. [X] I request that the court appoint an attorney on appeal.  Defendant  [X] was   [XX] was not
   represented by an appointed attorney in the superior court.  └→ (Represented Self for 1-Year)!

4. Defendant's address:  [ ] same as in attorney box above.
   [X] as follows:  Kevin A. MacGregor
                    #1926649/ 7th Flr
                    Hall Of Justice
                    850 Bryant Street
                    San Francisco, CA 94103

Date: Sept 1, 2005

KEVIN ANThony MACGregor
(TYPE OR PRINT NAME)

► Kevin A MACGregor
(SIGNATURE OF DEFENDANT OR ATTORNEY)

DEFENDANT'S
EXHIBIT
B-1

Page 1 of 2

NOTICE OF APPEAL—FELONY (DEFENDANT)  THOMSON
(Criminal)

Penal Code, §§ 1237, 1538.5(m);
Cal. Rules of Court, rule 31(d)

# NOTICE OF APPEAL

I, Kevin A. MacGregor the defendant in Superior Court number: 180461 wish to Appeal to the Appellate Court from my Conviction, Motion for New Trial, Motion to Take Judicial Notice of evidence (the judgment in it's entirety) et.seq Sentencing on August 31, 2005.

//

Date _September 1, 2005_

Respectfully Submitted;

_Kevin A. MacGregor_
Kevin A. MacGregor

## PROOF OF SERVICE

I am a citizen of the United States and work as an Attorney at Law, licensed by the State Bar of California. My business address is located at 819 Eddy Street, San Francisco, California.

I am over the age of eighteen (18)years old and not a party to this action. On Septemper_____ 2005, I served the following document:

**A NOTICE OF APPEAL, TO APPEAL TO THE APPELLATE COURT FROM THE CON-VICTION, MOTION FOR NEW TRIAL, MOTION TO TAKE JUDICIAL NOTICE OF EVIDENCE (THE JUDGMENT IN IT'S ENTIRETY) ET.SEQ SENRENCING ON ~~xxxx~~ AUGUST 31,2005** *OF KEVIN A. MACGREGOR*

by filing the original with the:

**SUPERIOR COURT CLERK**
**First Floor**
**Hall Of Justice**
**850 Bryant Street,**
**San Francisco, CA 94103**

And, hand delivering a true copy thereof to the following party:

**OFFICE OF THE DISTRICT ATTOREY**
**Third Floor,**
**Hall Of Justice**
**850 Bryant Street,**
**San Francisco, CA 94103**

*77*

I swear under penalty of perjury of the Laws of the State of California, that the  foregoing is true and correct.

   Executed in San Francisco, California, on this_____2_____day of September 2005

_____
Rommel Bondac (Attorney at Law)

<u>DECLARATION OF KEVIN A. MACGREGOR</u>

I, Kevin A. MacGregor the defendant and appellate in case number; A111338, represented by attorney, Juliana Drous, SBN 92156, declare the following:

1. That on August 22,2006 while incarcerated at High Desert State Prison, I received a copy of (my) Appellate's Opening Brief. And that after review thereof, the following "Errors" were noted:

2. On page 7, of the Opening Brief, Counsel expresses that I (in Pro Per) filed a (1)Motion for a New Trial on September 3,2004,(2)a Motto Dismiss pursuant to P.C. Section 1385. But, fails to mention: (3)Supplemental Information In Support Of Motion for New Trial(Deposition of the victim)..which was also filed at this time - critical "exculpatory evidence"!

3. On page 6, Counsel states "that advisory counsel was appointed to me. And at page 14 (foot-notes) Counsel further states that I have a Civil Lawsuit pending against the arresting officers..both statements are in "Error"..i.e. neither advisory nor co-counsel was appointed to assist me when representing myself. And I "dropped" the Lawsuit years ago.

//

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and give a correct account of the facts.

Executed in Susanville California, on 2nd day of September 2006.

*Kevin A. MacGregor*
Kevin A. MacGregor (In Pro Per)

DEFENDANT'S
EXHIBIT
C-1

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 1

In re KEVIN A. MACGREGOR on Habeas Corpus.

A118950
San Francisco County No. 180461

FILED

SEP 0 6 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By _____

BY THE COURT:

The petition for writ of habeas corpus is denied.

The justices participating in this matter were:

Acting Presiding Justice Stein and Justice Swager

Date: ___SEP 0 6 2007___          **STEIN, J.**          ACTING P.J.


DEFENDANT'S
EXHIBIT
D-1

## SUPREME COURT JUSTICES OF CALIFORNIA

My Petition for Writ of Habeas Corpus was filed in the Appellate Court on September 4,2007; and was denied September 6,2007 - 2-days later!

I'm deeply distressed, that the California intermediate level of Justice could demonstrate such indifference and inequality; they never even bothered to review the information (evidence) in my case. Denied in "2-days" was a compilation of information (Exhibits: A - N) which would require an exhaustable "indepth examination" of the facts; and a considerable amount of time - more then "2-days"!


I've made many mistakes in my life that I'm not proud of; never-the-less I am an American citizen.  The ideals of our Justice System was founded on "fairness and equality"!  If that concept is permit-ted to "waiver" by selection; you may as well get rid of the Four-teenth Amendment; Justice and Equality for all - it has no standing!
//



Respectfully;

September 12,2007                    Kevin A. MacGregor

S156752

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re KEVIN ANTHONY MACGREGOR on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

APR 3 0 2008

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**
Chief Justice

DEFENDANT'S
EXHIBIT

# 2







USA FIRST-CLASS

Kevin A. Mc Gregor
V-94008 / C-2, 140-4
Centinela State Prison
P.O. Box 921
Imperial, CA 92251

U.S. District Court,
Northern District of California.
450 Golden Gate Avenue,
San Francisco, CA 94102-
3483

Legal Mail