E-filing

*FILED*

*RECEIVED*

1 **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

2 Name  MacGregor      Kevin            A.
       (Last)         (First)       (Initial)

3 Prisoner Number  CDCR# V-94008

4 Institutional Address Centinela State Prison / C-2,140 u

5                  P.O. Box 921, Imperial, CA 92251

6 
7 **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

8 **KEVIN ANTHONY MACGREGOR**
  (Enter the full name of plaintiff in this action.)                        **5 9 3**

9 
                                                Case No.
10                      vs.                     (To be provided by the clerk of court) **WHL**

   **WARDEN, V.M. ALAMAGER**
11                                             **PETITION FOR A WRIT**
                                               **OF HABEAS CORPUS**
12                                                                **(PR)**
                                               **AMENDED PETITION**
13 
14 (Enter the full name of respondent(s) or jailor in this action)
                                               **"REQUESTING EVIDENTIARY**
15                                              **HEARING"**

16                        Read Comments Carefully Before Filling In

17 When and Where to File

18      You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS       - 1 -

1    **TABLE OF CONTENTS**

2

3   Pg 1.  Surface page of Petition for Writ of Habeas Corpus.

4   Pg 2 - 3.  Table of Contents.

5   Pg 4.  Table of Authorities.

6   Pg 5 - 8.  Questionaire sheets.

7   Pg 9 - 10.  Summary of Claims: (1)Ineffective Assistance of Counsel,
    (2)Ineffectiveness of Counsel on Appeal,(3)Waiver of Constitutional
8   right to cause of defense,(4)Part#1, Petitioner's conviction resul-
    ted from State errors, taken together, denied Petitioner a fair tr-
9   ial,(4)Part#2, Claim is the same; but violation: the State Court re-
    fused to follow its own Statutes of evidence.
10
    Pg 11 - 21.  Syllabus of Claims; details and supporting facts, arg-
11  ument and Authorities.

12  Pg 22.  Verification to Petition.

13  Pg 23.  Proof of Service.

14                                  I

15                        **ATTACHED APPENDIXES**

16  EXHIBITS

17  [Def Exhibit A-1]California Supreme Court denial of Petition for
    Review on direct Appeal. Filed May 9,2007.
18
19  [Def Exhibit B-1] Notice of Appeal. Filed September 2,2005.

20  [Def Exhibit C-1] A Declaration (by me) correcting statements in
    error Appellate Counsel made in the Opening Brief. Dated Septmeber
21  2,2006.

22  [Def Exhibit D-1] California Appellate Court denial of Petition for
    Writ of Habeas Corpus. Filed September 6,2007. And a letter/petition
23  to the California Supreme Court Justices reflecting my response to
    the denial. Dated September 12,2007
24
    [Def Exhibit E-1] California Supreme Court denial of Petition for
25  Writ of Habeas Corpus. Filed April 30,2008.

26                                 II

27                      **UNATTACHED APPENDIXES**

28

                                   2.

EXHIBITS

[Def Exhibit A] Judgment affirmed by Appellate Court on Appeal. Filed February 16,2007.

[Def Exhibit B] Trial counsel's Sentencing Memorandum. Filed July 11,2008.

[Def Exhibit C] Appellate counsel's Opening Brief. Filed August 2006.

[Def Exhibit D] Reporter's Transcript of Hearing presenting Motion for New Trial, Supplemental Information, and Motion to Dismiss. Filed September 3,2004 in Dept 19.

[Def Exhibit E] Motion for New Trial, with Exhibits: A - Q. Filed September 3,2004 in Dept 19.

[Def Exhibit F] Supplemental Information in support of Motion for New Trial (Deposition of victim). Filed September 3,2004 in Dept 19.

[Def Exhibit G] Motion to Dismiss under P.C. Section 1385. Filed September 3,2004 in Dept 19.

[Def Exhibit H] Motion to Continue (Pen.Code 1050). Filed September 13,2004.

[Def Exhibit I] The People's Opposition to Motion for New Trial. Filed October 20.2004.

[Def Exhibit J] Reply Motion to the People's Opposition to Motion for New Trial. Filed October 28,2004.

[Def Exhibit K] Reporter's Transcript of Hearing on Motion for New Trial. Filed November 16,2004.

[Def Exhibit L] Motion to Take Judicial Notice of eviednce. Filed November 30,2004.

[Def Exhibit M] Reporter's Transcript of denial to Take Judicial Notice. Filed January 26,2005.

[Def Exhibit N] Petition for Writ of Habeas Corpus, containing Evidence Code authorities. Filed February 17,2005 in the California Supreme Court.

//

1

## TABLE OF AUTHORITIES

2

### CONSTITUTIONAL

3   U.S. Const amend VI, Strickland v. Washington, 466 U.S. 688
    (1984) ........................................................   11.
4
    U.S. Const amend VI, Smith v. Robins 528 U.S. 259 (2000) ....   14.
5
    Due Process XIV, Evittis v. Lucey, 469 U.S. 387, 83 L.Ed 2d
6   821, 105 S.Ct 830 (1985) ....................................   14.

7   Due Process XIV, Locker v. Andrade, (2003) 538 U.S. 63 155
    L.Ed 2d 144, 123 S.Ct ......................................   15.
8
9   Due Process XIV, Reed v. Farley, 144 S.Ct 2291,2297 (1994) ..  15.

    Due Process XIV, Hill, 368 U.S. at 428 .....................   15.
10
    Due Process XIV, Turner v. Safley, 482 U.S. 78,95, 96 L.Ed
11  2d 64 (1987) ...............................................   18.

12  Due Process XIV, Estelle v. McGuire, 502 62 (1991) .........   19.

13  Due Process XIV, Barley, 473 U.S. at 676, 105 S.Ct at 3380;
    accord Giglio, 405 U.S. at 154, 92 S.Ct at 766 ............   19.
14
    Due Process XIV, Napue v. Illinois, 360 U.S. 264,269 79 S.Ct
15  1173,1177, 3 L.Ed 2d. 1217 ................................   19.

16  Due Process XIV, Holmes v. S.Car., 126 S.Ct 1727 (2006) ....  20.

17  Due Process XIV, Estelle v. McGuire, 502 62 (1991) .........   20.

18  Due Process XIV, Hick v. Oklahoma, 447 U.S. 343,346 (1988) ..  21.
19
20  Due Process XIV, Faretta v. California, 422 U.S. 806 (1975).. 14.

21

### FEDERAL CASE

22  Gete v. Immigration and Natrulization Service, 121 F.3d 1285,
    1293 (9th Cir.1997) .......................................   15.

23

### STATUTES

24  Evidence Code Sections 451, 453, 459(a) ....................   16.

25  Evidence Code, Hichey v. Roby (1969) 273 C.A.2d 752,755, 77
26  C.R.486; 1 Civil Appellate Pracitice 3d, 11.87.) ..........   16.

27  //

28

.4.

1  <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11      1. What sentence are you challenging in this petition?

12          (a)     Name and location of court that imposed sentence (for example; Alameda

13                  County Superior Court, Oakland):

14          <u>Superior Court, Dept 24</u>     <u>850 Bryant St, S.F. CA</u>

15                  Court                              Location

16          (b)     Case number, if known <u>Superior Court No# 180461</u>

17          (c)     Date and terms of sentence <u>8/31/05, 35-yrs -- Life!</u>

18          (d)     Are you now in custody serving this term? (Custody means being in jail, on

19                  parole or probation, etc.)          Yes <u>X</u>     No _____

20                  Where?

21                  Name of Institution: _____ <u>Centinela State Prison</u>

22                  Address: <u>P.O. Box 921, Imperial, CA 92251</u>

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  <u>Second Degree robbery [P.C. 212.5(c)]; 3-Strikes pursuant</u>

27  <u>to [P.C.667(b)-(i)/1170.12] and "2-two" 5-yr Priors [P.C. 667</u>

28  <u>(a)] consecutive, for total term of 35-yrs -- Life!</u>

PET. FOR WRIT OF HAB. CORPUS

1

2    3. Did you have any of the following?

3        Arraignment:                    Yes $\underline{X}$      No _____

4        Preliminary Hearing:            Yes $\underline{X}$      No _____

5        Motion to Suppress:             Yes _____   No $\underline{X}$

6    4. How did you plead?

7        Guilty _____   Not Guilty $\underline{X}$   Nolo Contendere _____

8        Any other plea (specify) _____

9    5. If you went to trial, what kind of trial did you have?

10        Jury $\underline{X}$    Judge alone_____   Judge alone on a transcript _____

11    6. Did you testify at your trial?                Yes _____   No $\underline{X}$

12    7. Did you have an attorney at the following proceedings:

13        (a)  Arraignment                Yes $\underline{X}$      No _____

14        (b)  Preliminary hearing        Yes $\underline{X}$      No _____

15        (c)  Time of plea               Yes _____   No _____

16        (d)  Trial                      Yes $\underline{X}$      No _____

17        (e)  Sentencing                 Yes $\underline{X}$      No _____

18        (f)  Appeal                     Yes $\underline{X}$      No _____

19        (g)  Other post-conviction proceeding   Yes _____   No $\underline{X}$

20    8. Did you appeal your conviction?              Yes $\underline{X}$      No _____

21        (a)  If you did, to what court(s) did you appeal?

22            Court of Appeal             Yes $\underline{X}$   No _____

23            Year: _2006_    Result: _Judgment affirmed,2/16/07_

24            Supreme Court of California     Yes $\underline{X}$   No _____

25            Year: _2007_    Result: _Denied Review, 5/9/07_

26            Any other court             Yes _____   No $\underline{X}$

27            Year: _____   Result:_____

28        (b)  If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS

6.

1             petition?                Yes _____     No __X__

2        (c)    Was there an opinion?        Yes __X__    No_____

3        (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                             Yes _____     No__X__

5               If you did, give the name of the court and the result:

6               _____

7               _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?        Yes __X__    No_____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16        (a)    If you sought relief in any proceeding other than an appeal, answer the following

17               questions for each proceeding. Attach extra paper if you need more space.

18            I.     Name of Court: _California Superior Court_

19                  Type of Proceeding: _Petition for Writ of Habeas Corpus_

20                  Grounds raised (Be brief but specific):

21                  a._(1) Prosecutorial Misconduct, (2) destruction of "Substantial part of Transcript,"_

22                  b._(3) Refusal of Trial Court to allow testimony of witness,(4) newly dis-_

23                  c._covered evidence, (5) Trial Counsel's refusal to disclose evidence,_

24                  d._and (6) denial of discovery (Pitchess Material) violated 14th Amend Right._

25                  Result: _Denied!_        Date of Result: _11/19/03_

26            II.     Name of Court: _____California Supreme Court_

27                  Type of Proceeding: _Petition for Writ of Habeas Corpus_

28                  Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS

a. (1) To Take Judicial Notice of Evidence (before

b. being Sentenced )！

c. _____

d. _____

Result: _____ Denied! _____ Date of Result: __3/23/05_

III.    Name of Court: _____ California Court of Appeals _____

Type of Proceeding: _Petition for Writ of Habeas Corpus_

Grounds raised (Be brief but specific):

a. (1) Ineffective Assistance of Counsel, (2) Ineffectiveness of

b. Counsel on Appeal, (3) Petitioner's Conviction resulted from State

c. Court Errors which, taken Together, denied Petitioner a fair Trial,

d. (4) Waiver of Constitution Right To cause of defense, (5) Plain Error.

Result: _____ Denied! _____ Date of Result: _9/6/07_

IV.    Name of Court: _____ California Supreme Court _____

Type of Proceeding: _Petition for Writ of Habeas Corpus_

Grounds raised (Be brief but specific):

a. (1) Ineffective Assistance of Counsel, (2) Ineffectiveness of

b. Counsel on Appeal, (3) Petitioner's Conviction resulted from State

c. Court Errors which, taken together, denied Petitioner a fair Trial,

d. (4) Waiver of Constitutional Right To Cause of defense, (5) Plain Error.

Result: _____ Denied! _____ Date of Result: 4/30/08

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No _X_

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened?

Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS

8.

## SUMMARY OF CLAIMS

1    need more space. Answer the same questions for each claim.

2    [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    Claim One:_____ **INEFFECTIVE ASSISTANCE OF COUNSEL**

6

7    Supporting Facts: Trial Counsel witheld vindicating information

8    (at trial) which he had knowledge of at time. Then, tried

9    to have me declared incompetent so I would'nt be able to

10    present it; which I later did via Motion for a New Trial.

11    Claim Two:____ **INEFFECTIVENESS OF COUNSEL ON APPEAL**

12

13    Supporting Facts: Appellate Counsel only raised the "2-issues"

14    sentencing attorney presented; (1)Double Jeopardy, and

15    (2)Cruel and Unusual Punishment; which in itself is Ineff-

16    ective according to Supreme Court rulings on 3-Strikes.

17    Claim Three: **WAIVER OF CONSTITUTIONAL RIGHT TO CAUSE OF DEFENSE**

18

19    Supporting Facts: Appellate Counsel "concealed" vindicating in-

20    formation in my Motion for New Trial; and to Take Judicial

21    Notice of Evidence, from Appellate Review.

22

23    If any of these grounds was not previously presented to any other court, state briefly which

24    grounds were not presented and why:

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS

1  (Part #1) of Claim Four: **PETITIONER'S CONVICTION RESULTED FROM**

2  **STATE COURT ERRORS WHICH, TAKEN TOGETHER, DENIED PETITIONER A FAIR**

3  **TRIAL**

4  Supporting Facts: Trial Judge used Evidence Code 352 to "Exclude"

5  a "crucial witness" to my defense who's testimony of the arrest

6  conflicts with arresting officer's report and testimony.

7

8  (Part #2)of Claim Four: **PETITIONER'S CONVICTION RESULTED FROM**

9  **STATE COURT ERRORS WHICH, TAKEN TOGETHER, DENIED PETITIONER A FAIR**

10  **TRIAL**

11

12  Supporting Facts: The trial court refused to Take Judicial Notice

13  of evidence; this "refusal" violated the California Evidence Code

14  (Statute)! Due Process is violated when a State fails to follow

15  its own established criminal procedure and violates its own Statutes

16  or Constitution.

17  //

18

19

20

21

22

23

24

25

26

27

28

10.

## SYLLABUS OF CLAIMS

I

I was charged with Second Degree robbery (Pen.Code 212.5(c)¹) in San Francsico Superior Court; attended a jury trial and sustained a conviction. On August 31,2005 I was sentenced to 35-yrs -- Life (3-Strikes and 2-two Five-year Priors).

Claim One:

**INEFFECIVE ASSISTANCE OF COUNSEL**

Strickland v. Washington, 466 U.S. 668 (1984): (1) Counsel's performance fell bellow an objective standard of reasonable-ness; and (2) counsel's deficient performance prejudice the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding.

Supporting Facts:

Trial attorney, Richard Shikman knew that I lived only four build-ings from the Ellis Produce Market and shopped there daily; that the victim (Robert Richardson) and I both patronized this market; the victim shopped there every Saturday, see [Def Exhibit F] Supplement-al Information  (Deposition of victim) 16:8-15,17:1-3.

I cashed checks there, had rent receipts and foodstamp documents bearing proof of my residency at 450 Ellis Street. The victim lived only "2-two" blocks from me and had stayed in the Tenderloin area (there) for 17-years.

These "facts" of vindicating evidence (regarding familiarity of my face) which Counsel "did not" devulge to the jury at any time thro-ughout my trial, see [Def Exhibit E] Motion for New Trial (Pgs 8-10) for elaborate details and reference to supporting "Reporter's Tran-script", therein. Also the documents (evidence) incorporated at "Ex-hibit H" in this Motion.

11.

1  See [Def Exhibit D] Reporter's Transcript.(5:3-12)which shows I
2  stated this to the Court.
3   Further, Jury member# 51468 actually gave testimony in Judge's
4  Chamber's, 4/15/03 that he was familiar with my face from "causual
5  sightings" in the Tenderloin and would be "bias" against me due to
6  that envirnment, see [Def Exhibit E] Motion for New Trial, pg 9.
7  (which refers to the Reporter's Transcript of his testimony) incor-
8  porated therein!
9   I was "unable" to get any of the (above) information before the
10 Jury at trial per Counsel's refusal to cooperate, and would'nt all-
11 ow his Private Investigator, Sonja Wolfe to speak with the victim,
12 Robert Richardson nor the co-owner of the Ellis Produce Market, Ms.
13 Yuen to obtain information of "how often" the victim shopped there;
14 which I had to later get through "Deposition of the victim [Def Ex-
15 hibit F]" via of my civil attorney. Also see [Def Exhibit J] Reply
16 Motion to the People's Opposition to Motion for New Trial (3:24-25,
17 4:1-17) which demonstrates the difficulties I experienced obtaining
18 this information that should've been presented to the jury at trial
19 by defense Counsel.
20  After my conviction I filed a Petition for Writ of Habeas Corpus
21 # 4778 in the Superior Court (Dept 22) on Oct 20,2003, which entails
22 the documents (evidence) of rent receipts, checks, and foodstamp
23 information of proximity connecting me and the victim to the Ellis
24 Produce Market, and "2two" blocks distance of residence, which
25 "evidence" would strongly infer "why the victim was familiar with
26 my face but give a complete different description on the Witness
27
28

Stand of his assailant's (1)attrie,(2)height, and (3)length of hair;
the assailant's was short -- mine was long.. These "facts" I drafted
in the Petition for Writ (in mention) with supporting Exhibits: A -
- Q, incorporated! Which later, was drafted into a Motion for New
Trial [Def Exhibit E]; after coming from under an "incompetency
doubt to stand trial" initiated by trial counsel, Richard Shikman
who had evidence contrary to me being incompetent in his file "the
entire time"; a copy of the Petition for Writ #4478 given by the
Court.. This "incompetency charade" was employed by Counsel to pre-
vent me from representing myself and making this information (and
that which follows) part to the record.

   Attorneys:(1) Bicka Barlow and (2) Robert Graham succeeded counsel
who continued this "injustice" which extended from June 2003 --
July 19,2004; denying my access to having witness interviewed (who
early-on) would've remembered and gave testimony (if subpoena by me)
to an Evidentiary Hearing,of the Prosecution's demonstration "in
Closing Argument" of me hidding behind a beam, and as the Officers
approached, "swinging at them" who were then forced to subdue me;
this "fabrication" violated the Prosecution's Exclusionary Agreement.
For details see [Def Exhibit E] Motion for New Trial (4,5:1-20).
And [Def Exhibit J] Reply Motion to the People's Opposition (7,8:1-5).
[Def Exhibit L] Motion to Take Judicial Notice, "Exhibit A" and
"Exhibit B" attached, bears declarations (by me) of the attics em-
ployed by these attorneys to circumvent me from representing myself.
[Def Exhibit G] Motion to Dismiss, display details of those events.
Next, see Sentencing Memorandum [Def Exhibit B] at "Exhibit A" in-
corporated; which reflect the reports of "3-three" separate psych-

13.

1  ologist that "all basically agree" on findins of **no pyschiatric**

2  **history nor reason to suspect such..**

3  Faretta v. California, 422 U.S. 806 (1975). Petitioner was denied
   the right to represent himself.

4      Although this was a "unsurmountable hinderance" which prevented

5  me from representing myself (and obtaining testimony of the Prose-

6  cution's Misconduct) I did get "2-two" declarations of parties who

7  witnessed this, see [Def Exhibit E] Motion for New Trial, at "Exh-

8  ibit B", incorporated!

9

10                                       II

11 Claim Two:

12 **INEFFECTIVENESS OF COUNSEL ON APPEAL**

13     Smith v. Robin 528 U.S. 259 (2000); Evittis v. Lucey, 469
14     U.S. 387, 83 L.Ed 2d 821, 105 S.Ct 830 (1985): "The due pro-
       cess clause of the Fourteenth Amendment guarantees a crimin-
15     al defendant the effective assistance of counsel on a first
       appeal, as of right"..

16 Supporting Facts:

17     On February 16,2007 judgment was "affirmed" on Appeal by the App-

18 ellate Court [Def Exhibit A]. Counsel Petition for review in the

19 California Supreme Court which was denied May 9,2007 [Def Exhibit

20 A-1] attached!

21     The only issues appellate attorney, Juliana Drous raised on Appeal

22 were those addressed at my sentencing: (1)Double Jeopardy, and (2)

23 Eighth Amendment Prohibition against Cruel and Unusual Punishment,

24 see[Def Exhibit C] Appellate's Opening Brief.."Both" are Ineffective

25 Grounds which were denied by the U.S. Supreme Court as a defense

26 against California's "3-Strike" Law:

27

28

1  Locker v. Andrade,(2003) 538 U.S. 63 155 L.Ed 2d 144, 123 S.Ct
   1166
2  Decision: California State Court's affirmance of two consecut-
   ive prison terms of 25 years to life for "third strike" convi-
3  ction held not contrary to, or unreasonable application of,
   clearly established federal law as determined by Supreme Court,
4  within meaning of USCS 2254(d)(1).

5  **Note!** A U.S, Supreme Court decision "sets precedent" for every low-

6  er court in the Country.. Counsel presented "invalid grounds" for

7  a defense which had "no chance" at prevailing on Appeal.

8  Reed v. Farley, 114 S.Ct 2291,2297 (1994) (habeas corpus
   standard for error based on federal law governed by "fun-
9  damental defect which inherently results in a complete mi-
   scarriage of justice" standard (quoting Hill, 368 U.S. at
10 428)).

11
                              111
12
   Claim Three:
13
   **WAIVER OF CONSTITUTIONAL RIGHT TO CAUSE OF DEFENSE**
14
15 "Constitutional right may ordinarily be waived only if it can
   be clear and convincing evidence that waiver is voluntary, kn-
16 owing, and intelligent.. in the absence of such an evidentiary
   showing, a waiver of Constitutional right is not to be implied
17 and is not lightly to be found.. more-over, in accord with the
   rule the acquience cannot be presumed in the loss of fundamen-
18 tal rights.. it is a central tenet of Constitutional law that
   courts indulge every reasonable presumption against waiver".
19 Gete v. Immigration and Natrulization Service, 121 F.3d 1285,
   1293 (9th Cir.1997).
20
   Supporting Facts:
21
    Appellate Counsel "waived" my right to a fair Appellate Review by
22
   "concealing" all the **Grounds** previously stated (and those forthcom-
23
   ing) from review on Appeal: (1)Prosecutorial Misconduct,(2)destru-
24
   ction of a "sustantial part of the transcript" which affects the
25
   court's ability to review the issue of prosecutorial misconduct,
26
   (3)the refusal of the trial court to allow the testimony of a def-
27
   ense witness in violation of my Six Amendment right,(4)newly dis-
28

                              15.

1 | covered evidence,(5)trial counsel's refusal to disclose Exculpatory
2 | Evidence which resulted in the denial of my Six Amendment right to
3 | fundamental fair trial, and(6)denial of discovery (Pitchess Mater-
4 | ial) in violation of my Fourteenth Amendment right to Due Process
5 | and Equal Protection.

6 | Also, deprived the Appellate Court the opprotunity to Take Jud-
7 | icial Notice of this "evidenve" (which the trial court refuse to do)
8 | but the Appellate Court "was bound to do":

9  | "The reviewing court shall take judicial notice of (1)each mat-
   | ter properly notices by the trial court that it was required to
10 | notice under Section 451 or 453". (Ev.C 459(a)); see Hichey v.
   | roby (1969) 273 C.A.2d 752,755, 77 C.R.486; 1 Civil Appellate
11 | Practice 3d, 11.87.)
   | Obviously, matters properly noticed by the trial judge must be
12 | noticed on appeal. But the Code goes further; if a party makes
   | an appropriate request for notice of an optional matter and co-
13 | mplies with the procedure (supra,36), the judge's unwarrant fa-
   | ilure or refusal to take notice is immaterial; the appellate
14 | court must do so (see Law Rew.Comment to Ev.C 459.)

15 |

16 | Five of the six (above) Claims incorporated in the Motion for New
17 | Trial [Def Exhibit E], and Reply to the People's Opposition [Def
18 | Exhibit J], are being elaborated on herein; along with the Motion
19 | to Take Judicial Notice of evidence [Def Exhibit L], and it's "err-
20 | orneous" denial at the Hearing [Def Exhibit M]. Counsel's waiver
21 | (concealment) of this information completely destroyed "any chance"
22 | I had on Appeal.

23 | All of the following information (and that already presented) was
24 | "waived" from Review by Appellate Counsel:
25 | [Def Exhibit E] Motion for New Trial, at "Exhibit E" incorporated;
26 | is a Declaration and Investigation Statement (by Public Defenders
27 | Office) from an on duty security guard witness to my arrest; who
28 |

gives the following declaration; Johnathan Woodard declares:

In the morning on June 3,2000 I was working as a security guard at the housing complex at 350 Ellis St in San Francisco. I was sitting at the reception desk of the lobby of this building. At this time I observed Kevin MacGregor enter the courtyard. Three police off- icers followed him into this courtyard. The police officers were Caucasian and in uniform. One of the officers was riding on a bi- cycle. The police officers confronted Kevin MacGregor who said, "what did I do?" The officers then began to beat him. They kicked him and punched him. He fell to the ground and the officers cont- inued to kick and punch. The officers eventually picked up Mr. Mac- Gregor and handcuffed him and then took him away.

It did not appear that Mr. MacGregor exhibited any disrespect to- ward the officers. He did not resist arrest and it appeared that he listened to the officers.

I was subpoenaed to testify at the trial in this case. I was av- ailable outside of Dept 26 to give testimony consistent with this declaration.

"The trial Judge **Excluded** Woodard from giving this testimony"!

**Note!** Mr. Woodard's account of what he witnessed of my arrest is "no where" in Officer, G. Forgaty #651 Police Report; see [Def Ex- hibit E] Motion for New Trial, at "Exhibit C", incorporated. Then review "Exhibit F" incorporated, page 8:

### SAN FRANCISCO POLICE DEPARTMENT GENERAL ORDER

**1. Types of Incidents Requiring Reporting. Officers must report the use of the following types of force:**

(1) The type of force used (e.g. carotid restraint, struck with fist).
(2) Reason for the use of force (e.g., subject resisted arrest).
(3) The supervisior's name, rank, star number and time notified. If applicable, the supervisior's reason for not responding to the scene shall also be included.

In light of Mr. Woodard's declaration of my arrest, why were'nt these **Official Policies** followed.. The arresting Officer's Report (and testiony) conflicts with what the witness seen; but Woodard was'nt given opportunity to testify.

Further, the 3-three arresting Officers made declarations to this U.S. District Court that "declare" neither of them kicked, punched, nor beat me with their batons, which "conflicts" with the "Declaration" made by Mr. Woodard; see [Def Exhibit E] Motion for New Trial, "incorporated Exhibits": (J) (K) & (L) by Officers: G. Fogarty, M. Obrochta, and R. O'Reilly.

"Credibility issues" of these arresting Officers were at the "core" of my conviction which should've been addressed at trial (and by Appellate Counsel on Appeal) via Motion for New Trial [Def Exhibit E] (11:12-27,13:1-14),and Reply Motion to the Peolpe's Opposition [Def Exhibit J] Pgs 8 - 9 -- but were'nt!

The victim testified that his assailant wore Khaki pants, a Levi jacket, stood 5'11, and had short hair.

I wore a blue Jean suit, stand 6'3 and had long hair; also reflected in trial counsel, Richard Shikman's "Work Product" inside Sentencing Memorandum [Def Exhibit B] at "Exhibit D" incorporated.

"Prisoners do not shed their Constitutional rights at the Jailhouse door". Turner v. Safley, 482 U.S. 78,95, 96 L.Ed 2d 64 (1987).

IV

Part #1 of Claim Four:

**PETITIONER'S CONVICTION RESULTED FROM STATE COURT ERRORS WHICH, TAKEN TOGETHER, DENIED PETITIONER A FAIR TRIAL.**
Estelle v. McGuire, 502 62 (1991).

Supporting Facts:

The trialJudge use Exclusionary Rule 352 of the California Evidence Code to "erroneously" exclude Johnathan Woodard, an on duty security guard who witnessed my arrest. His testimony would've drew "critical attention" to the arresting Officer, G. Fogarty's account of my arrest in his Police Report (referred to earlier) and corroborating testimony on the Stand.

> The evidence revealed in Dunbar's file need not have been independently admissible to have been material. Evidence is material if it might have been used to impeach a government witness, because "if disclosed and used effectively, it may make the difference between conviction and acquittal". Barley, 473 U.S. at 676, 105 S.Ct at3380; accord Giglio, 405 U.S. at 154, 92 S.Ct at 766; Napue v. Ilinois, 360 U.S. 264, 269, 79 S.Ct 1173,1177, 3 L.Ed 2d.1217

The victim (Robert Richardson) was interviewed by "2-two" Investigators from the Pubilc Defenders Office (Months apart) and made the following statement: I "did not" see the robber's face and "would not" be able to identify the robber; see [Def Exhibit E] Motion for New Trial (9:11-18). Next, go to page 11:12-27 which depicts the victim's description of his assailant (earlier mentioned), and further makes reference to the Reporter's Transcript (incorporated) of the corroborating testimony he gave of his assailant's description on the Witness Stand.

These "factors" along with Mr. Woodard's testimony would've had a termendous impact on my trial -- which taken together would've

1  resulted in a different outcome (when you include the evidence men-
2  tioned earlier) to this equation.

3     State rules of evidence were applied in a way which denied
      Petitioner the right to present a complete defense. Holmes
4     v. S.Car., 126 S.Ct 1727 (2006).

5  For more insight please see [Def Exhibit E] Motion for New Trial
6  (11:12-27,12,13:1-15).Then go to [Def Exhibit J] Reply Motion to
7  the People's Opposition to Motion for New Trial (8:8-25,9.).

8
                                    IV
9

Part #2 of Claim Four:
10
      **PETITIONER'S CONVICTION RESULTED FROM STATE COURT ERRORS
11    WHICH, TAKEN TOGETHER, DENIED PETITIONER A FAIR TRIAL.**
      Estelle v. McGuire, 502 62 (1991).
12

13  Supporting Facts:

14  The trial court refused to Take Judicial Notice of evidence (co-
15  pies of rent receipts, checks, and foodstamp documents) in the Mot-
16  ion for New Trial [Def Exhibit E] incorporated at "Exhibit H" th-
17  erein; that were "valuable sources of information" crucial in my
18  defense. This "refusal" violated the California Evidence Code (St-
19  atute) that a State Court is bound by; Due Process is violated wh-
20  en a State fails to follow its own establish criminal procedures
21  and violates its own Statutes or Constitution.

22  Please see Motion to Take Judicial Notice of evidenve [Def Exh-
23  ibit L], for details of the importance this information would've
24  made. Next, review the Court's denial at the Hearing [Def Exhibit
25  M] Reporter's transcript. Finally, see Petition for Writ to the
26  California Supreme Court [Def Exhibit N], which bears the "govern-
27  ing Evidence Code Statutes pertaining to Judicial Notice -- the

28

1  Law of these Statutes weigh in my favor.

2  When the State fails to follow its own criminal procedures or
   Court Rules, and violates its own State Statutes, Federal Due
3  Process is violated. (See <u>Hick v. Oklahoma</u>, 447 U.S. 343,346
   (1988)).

4

5                              **CONCLUDING**

6  Please see Hearing on Motion for New Trial [Def Exhibit K], for

7  an accurate account of how these "issues" were adjudicate -- oral

8  arguments!

9

10  Petitioner is entitled to relief on the Claims set forth herein.

11  **WHEREFORE,** Petitioner respectfully requests:

12  (1) That an evidentiary hearing be granted on "all four" Claims.

13  (2) That the court grant the writ of habeas corpus; or in good faith

14  (3) Order Petitioner's release as appropiate relief.

15  //

16

17

18

19

20

21

22                              Respectfully Submitted;

23  Date June 12, 2008          Kevin A. MacGregor

24                              Kevin A. MacGregor, In pro se

25

26

27

28

                                21.

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:

4    See page 4, Table of Authorities.

5

6

7  Do you have an attorney for this petition?                    Yes_____      No_ X

8  If you do, give the name and address of your attorney:

9

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on _ June 15, 2008_              _Kevin A. MacGregor_

14            Date                                  Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS

22.

**PROOF OF SERVICE**

I the undersigned, hereby declare that I am over the age of eigh-
teen (18), and that I am incarcerated at Centinela State Prison in
Imperial, California. That I am a party to this action, and on the
_15th_ day of _June_____, 2008, I served a true and complete copy of
the following:

**1-ORIGINAL PETITION FOR WRIT OF HABEAS CORPUS (HABEAS L.R.2254-3(b))
WITH EXTRA SURFACE AND LETTER REQUESTING THE CLERK RETURN SURFACE
PAGE "FILED" AND RETURN IT IN SELF-ADDRESSED-STAMPED-ENVELOPE, EN-
CLOSED! AND, TWO ADDITIONAL COPIES -- ALL PETITIONS PLACED INSIDE
(SEPARATE) 9 X 12 MANILA ENVELOPES AND SENT TO THE (BELLOW) PARTIES
IN INTEREST**

BY HANDING IT TO INSTITUTIONAL STAFF WITH First Class Postage pre-
paid in full for mailing to the following addresses:

U.S. DISTRICT COURT FOR NORTHERN
DISTRICT OF CALIFORNIA,
450 GOLDEN GATE AVENUE,
SAN FRANCISCO, CA 94102-3483

ATTORNEY GENERAL FOR THE STATE
OF CALIFORNIA,
455 GOLDEN GATE AVENUE,
SUITE 11000
SAN FRANCISCO, CA 94102-3664

WARDEN, V.M. ALAMAGER
CENTINELA STATE PRISON
2302 BROWN ROAD, P.O. BOX 921,
IMPERIAL, CALIFORNIA 92251

I declare under the laws of the United State Of America, and of
the State of California, that the foregoing is true and correct.

Executed on _June 15, 2008_____, in Imperial, California.

_Kevin A. MacGregor_
Kevin A. MacGregor, in pro se

23.

Court of Appeal, First Appellate District, Div. 1 - No. A111338
**S151330**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

KEVIN A. MACGREGOR, Defendant and Appellant.

The petition for review is denied.

SUPREME COURT
**FILED**

MAY − 9 2007

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE
Chief Justice

DEFENDANT'S
EXHIBIT

**A-1**

ENDORSED CR-120

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*

Wm. MICHAEL WHELAN, Jr *(Bar No. 112190)*
235 Montgomery Street, Suite 838
San Francisco, California 94104

TELEPHONE NO.: 415-874-7081    FAX NO.: 415-874-7082
**ATTORNEY FOR** *(Name):* Kevin A. MacGregor

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

**PEOPLE OF THE STATE OF CALIFORNIA**

vs.

**DEFENDANT:** KEVIN ANTHONY MACGREGOR
Date of birth: 12/1/54    California Dept. of Corrections No. *(if applicable):* V-94008

**FOR COURT USE ONLY**
SAN FRANCISCO COUNTY
SUPERIOR COURT

2005 SEP -2 PM 3: 45

GORDON PARK-LI, CLERK

BY: _____ Mary _____
DEPUTY CLERK

| **NOTICE OF APPEAL—FELONY (DEFENDANT)**<br>(Pen. Code, §§ 1237, 1538.5(m); Cal. Rules of Court, rule 31(d)) | **CASE NUMBER(S):**<br>180461 |

## NOTICE

- If your appeal challenges the validity of the plea you must complete the *Request for Certificate of Probable Cause* on the other side of this form. (Pen. Code, § 1237.5.)
- You must file this form in the superior court within 60 days after entry of judgment.

1. Defendant *(name):* KEVIN A. MACGREGOR
   appeals from the order or judgment entered on *(specify date of order, judgment, or sentence):* August 31, 2005

2. This appeal follows:

   a. [X] A jury or court trial. (Pen. Code, § 1237(a).)

   b. [ ] A contested violation of probation. (Pen. Code, § 1237(b).)

   c. [ ] A guilty (or no-contest) plea or an admitted probation violation *(check all boxes that apply):*

      (1) [ ] This appeal is based on the sentence or other matters occurring after the plea. (Cal. Rules of Court, rule 31(d).)

      (2) [ ] This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5.

      (3) [ ] This appeal challenges the validity of the plea or admission. *(You must complete the* Request for Certificate of Probable Cause *on the other side of this form.)*

   d. [X] Other *(specify):* (1) Trial attorney failed to investigate and present Exculp-
      atory Evidence, (2) Prosecutorial Misconduct, (3) Judicial Error, stop testi-
      mony of compulsory witness, (4) Denial of Due Process right to a fair trial,
      and Motion for New Trial by suppressing evidence, (5) Declaring a Doubt (to
      suppress evidence) resulting in a denial of Due Process Rights.

3. [X] I request that the court appoint an attorney on appeal. Defendant [X] was [XX] was not
   represented by an attorney in the superior court. ↳ *(Represented Self for 1-Year)!*

4. Defendant's address: [ ] same as in attorney box above.
   [X] as follows: Kevin A. MacGregor
   #1926649/ 7th Flr
   Hall Of Justice
   850 Bryant Street
   San Francisco, CA 94103

Date: Sept 1, 2005

KEVIN Anthony MacGregor
(TYPE OR PRINT NAME)

▶ Kevin A. MacGregor
(SIGNATURE OF DEFENDANT OR ATTORNEY)

> DEFENDANT'S
> EXHIBIT
> B-1

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CR-120 [Rev. January 1, 2002]

**NOTICE OF APPEAL—FELONY (DEFENDANT)** THOMSON
(Criminal)

Penal Code, §§ 1237, 1538.5(m);
Cal. Rules of Court, rule 31(d)

## NOTICE OF APPEAL

I, Kevin A. MacGregor the defendant in Superior Court number: 180461 wish to Appeal to the Appellate Court from my Conviction, Motion for New Trial, Motion to Take Judicial Notice of evidence (the judgment in it's entirety) et.seq Sentencing on August 31, 2005.

//

Date _September 1, 2005_

Respectfully Submitted;

_Kevin A. MacGregor_
Kevin A. MacGregor

### PROOF OF SERVICE

1

2

3   I am a citizen of the United States and work as an Attorney at Law,

    licensed by the State Bar of California. My business address is
4
    located at 819 Eddy Street, San Francisco, California.
5
    I am over the age of eighteen (18)years old and not a party to this
6
    action. On Septemper_____2005, I served the following document:
7
8   A NOTICE OF APPEAL, TO APPEAL TO THE APPELLATE COURT FROM THE CON-
    VICTION, MOTION FOR NEW TRIAL, MOTION TO TAKE JUDICIAL NOTICE OF
    EVIDENCE (THE JUDGMENT IN IT'S ENTIRETY) ET.SEQ SENRENCING ON ~~~
9   AUGUST 31,2005   OF KEVIN A. MACGREGOR

10  by filing the original with the:

11  SUPERIOR COURT CLERK
    First Floor
12  Hall Of Justice
    850 Bryant Street,
13  San Francisco, CA 94103

14  And, hand delivering a true copy thereof to the following party:

15  OFFICE OF THE DISTRICT ATTOREY
    Third Floor,
16  Hall Of Justice
    850 Bryant Street,
17  San Francisco, CA 94103

18  77

19

20  I swear under penality of perjury of the Laws of the State of

21  California, that the  foregoing is true and correct.

22     Executed in San Francisco, California, on this____2____day of

23  September 2005

24

25                           Rommel Bondac (Attorney at Law)

26

27

28

## DECLARATION OF KEVIN A. MACGREGOR

I, Kevin A. MacGregor the defendant and appellate in case number; A111338, represented by attorney; Juliana Drous, SBN 92156, declare the following:

1. That on August 22,2006 while incarcerated at High Desert State Prison, I received a copy of (my) Appellate's Opening Brief. And th- at after review thereof, the following "Errors" were noted:

2. On page 7, of the Opening Brief, Counsel expresses that I (in Pro Per) filed a (1)Motion for a New Trial on September 3,2004,(2)a Mot- to Dismiss pursuant to P.C. Section 1385. But, fails to mention: (3)Supplemental Information In Support Of Motion for New Trial(Dep- osition of the victim)..which was also filed at this time - critical "exculpatory evidence"!

3. On page 6, Counsel states "that advisory counsel was appointed to me. And at page 14 (foot-notes) Counsel further states that I have a Civil Lawsuit pending against the arresting officers..both statements are in "Error"..i.e. neither advisory nor co-counsel was appointed to assist me when representing myself. And I "dropped" the Lawsuit years ago.

//

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and give a correct account of the facts.

Executed in Susanville California, on 2nd day of September 2006.

*Kevin A. MacGregor*
Kevin A. MacGregor (In Pro Per)

**DEFENDANT'S EXHIBIT C-1**

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 1

In re KEVIN A. MACGREGOR on Habeas Corpus.

A118950
San Francisco County No. 180461

F I L E D

SEP 0 6 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____

BY THE COURT:

The petition for writ of habeas corpus is denied.

The justices participating in this matter were:

Acting Presiding Justice Stein and Justice Swager

Date:  SEP 0 6 2007        **STEIN, J.**        ACTING P.J.



orcc1a

**SUPREME COURT JUSTICES OF CALIFORNIA**

My Petition for Writ of Habeas Corpus was filed in the Appellate Court on September 4,2007; and was denied September 6,2007 - 2-days later!

I'm deeply distressed, that the California intermediate level of Justice could demonstrate such indifference and inequality; they never even bothered to review the information (evidence) in my case. Denied in "2-days" was a compilation of information (Exhibits: A - N) which would require an exhaustable "indepth examination" of the facts; and a considerable amount of time - more then "2-days"!

I've made many mistakes in my life that I'm not proud of; never-the-less I am an American citizen. The ideals of our Justice System was founded on "fairness and equality"! If that concept is permit-ted to "waiver" by selection; you may as well get rid of the Four-teenth Amendment; Justice and Equality for all - it has no standing!
//

Respectfully;

September 12,2007

Kevin A. MacGregor

S156752

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re KEVIN ANTHONY MACGREGOR on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

APR **3 0** 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice



Kevin A. MacGregor
V-94008 / C-2, 140u
Centinela State Prison
P.O. Box 921
Imperial, CA 92251

ATTN!
Clerk
U.S. District Court For Northern
District of California,
450 Golden Gate Avenue,
San Francisco, CA 94102-3483

RECEIVED

JUN 16 2008



UNITED STATES POSTAGE
$ 01.85⁰
02 1A
0004365231
MAILED FROM ZIP CODE 92251
JUN 16 2008
PITNEY BOWES