# TABLE OF AUTHORITIES

## CONSTITUTIONAL

U.S. Const amend VI, Strickland v. Washington, 466 U.S. 688 (1984) .................................................... 11.

U.S. Const amend VI, Smith v. Robins 528 U.S. 259 (2000) .... 14.

Due Process XIV, Evittis v. Lucey, 469 U.S. 387, 83 L.Ed 2d 821, 105 S.Ct 830 (1985) ...................................... 14.

Due Process XIV, Locker v. Andrade, (2003) 538 U.S. 63 155 L.Ed 2d 144, 123 S.Ct ........................................ 15.

Due Process XIV, Reed v. Farley, 144 S.Ct 2291,2297 (1994) .. 15.

Due Process XIV, Hill, 368 U.S. at 428 ...................... 15.

Due Process XIV, Turner v. Safley, 482 U.S. 78,95, 96 L.Ed 2d 64 (1987) ................................................ 18.

Due Process XIV, Estelle v. McGuire, 502 U.S. 62 (1991) ..... 19.

Due Process XIV, Barley, 473 U.S. at 676, 105 S.Ct at 3380; accord Giglio, 405 U.S. at 154, 92 S.Ct at 766 .............. 19.

Due Process XIV, Napue v. Illinois, 360 U.S. 264,269 79 S.Ct 1173,1177, 3 L.Ed 2d. 1217 ................................. 19.

Due Process XIV, Holmes v. S.Car., 126 S.Ct 1727 (2006) ..... 20.

Due Process XIV, Estelle v. McGuire, 502 U.S. 62 (1991) ..... 20.

Due Process XIV, Hick v. Oklahoma, 447 U.S. 343,346 (1988) .. 21.

Due Process XIV, Faretta v. California, 422 U.S. 806 (1975).. 14.

## FEDERAL CASE

Gete v. Immigration and Natrulization Service, 121 F.3d 1285, 1293 (9th Cir.1997) ......................................... 15.

## STATUTES

Evidence Code Sections 451, 453, 459(a) ..................... 16.

Evidence Code, Hichey v. Roby (1969) 273 C.A.2d 752,755, 77 C.R.486; 1 Civil Appellate Pracitice 3d, 11.87.) ........... 16.

//

IV

Part #1 of Claim Four:

**PETITIONER'S CONVICTION RESULTED FROM STATE COURT ERRORS WHICH, TAKEN TOGETHER, DENIED PETITIONER A FAIR TRIAL.**
Estelle v. McGuire, 502 U.S. 62 (1991)

Supporting Facts:

The trial Judge use Exclusionary Rule 352 of the California Evidence Code to "erroneously" exclude Johnathan Woodard, an on duty security guard who witnessed my arrest. His testimony would've drew "critical attention" to the arresting Officer, G. Fogarty's account of my arrest in his Police Report (referred to earlier) and corroborating testimony on the Stand.

> The evidence revealed in Dunbar's file need not have been independently admissible to have been material. Evidence is material if it might have been used to impeach a government witness, because "if disclosed and used effectively, it may make the difference between conviction and acquittal". Barley, 473 U.S. at 676, 105 S.Ct at 3380; accord Giglio, 405 U.S. at 154, 92 S.Ct at 766; Napue v. Ilinois, 360 U.S. 264, 269, 79 S.Ct 1173,1177, 3 L.Ed 2d.1217

The victim (Robert Richardson) was interviewed by "2-two" Investigators from the Pubilc Defenders Office (Months apart) and made the following statement: I "did not" see the robber's face and "would not" be able to identify the robber; see [Def Exhibit E] Motion for New Trial (9:11-18). Next, go to page 11:12-27 which depicts the victim's description of his assailant (earlier mentioned), and further makes reference to the Reporter's Transcript (incorporated) of the corroborating testimony he gave of his assailant's description on the Witness Stand.

These "factors" along with Mr. Woodard's testimony would've had a termendous impact on my trial -- which taken together would've

resulted in a different outcome (when you include the evidence mentioned earlier) to this equation.

> State rules of evidence were applied in a way which denied Petitioner the right to present a complete defense. Holmes v. S.Car., 126 S.Ct 1727 (2006).

For more insight please see [Def Exhibit E] Motion for New Trial (11:12-27,12,13:1-15). Then go to [Def Exhibit J] Reply Motion to the People's Opposition to Motion for New Trial (8:8-25,9.).

## IV

Part #2 of Claim Four:

**PETITIONER'S CONVICTION RESULTED FROM STATE COURT ERRORS WHICH, TAKEN TOGETHER, DENIED PETITIONER A FAIR TRIAL.**
Estelle v. McGuire, 502 U.S. 62 (1991)

Supporting Facts:

The trial court refused to Take Judicial Notice of evidence (copies of rent receipts, checks, and foodstamp documents) in the Motion for New Trial [Def Exhibit E] incorporated at "Exhibit H" therein; that were "valuable sources of information" crucial in my defense. This "refusal" violated the California Evidence Code (Statute) that a State Court is bound by; Due Process is violated when a State fails to follow its own establish criminal procedures and violates its own Statutes or Constitution.

Please see Motion to Take Judicial Notice of evidenve [Def Exhibit L], for details of the importance this information would've made. Next, review the Court's denial at the Hearing [Def Exhibit M] Reporter's transcript. Finally, see Petition for Writ to the California Supreme Court [Def Exhibit N], which bears the "governing Evidence Code Statutes pertaining to Judicial Notice -- the

Kevin A. MacGregor
V-94008 / C-2, 1404
Centinela State Prison
P.O. Box 921
Imperial, CA 92251

Legal Mail

ATTN:
Clerk's Office
U.S. District Court - No. Dist. of CA
450 Golden Gate Avenue, 16th Floor.
San Francisco, CA 94102

STATE PRISON
GENERATED MAIL

RECEIVED
08 JUN 20 PM 1:46
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

STATE PRISON
GENERATED MAIL