IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ANTHONY MacGREGOR, | No. C 08-2593 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| V. M. ALMAGER, Warden, | |
| Respondent. | |

## INTRODUCTION

This habeas action, filed by a pro se prisoner, was dismissed with leave to amend. Petitioner has filed a timely amended petition for a writ of habeas corpus under 28 U.S.C. 2254.

## ANALYSIS

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall

set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

In 2005, a jury convicted petitioner of second degree robbery. With sentencing enhancements, he was sentenced to thirty-five years to life. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review. Petitioner also filed state habeas petitions that were denied.

As grounds for federal habeas relief, petitioner asserts that: (1) his trial counsel was ineffective in withholding exculpatory evidence at trial and trying to have petitioner declared incompetent to prevent the evidence being presented; (2) his appellate counsel was ineffective in failing to raise double jeopardy and Eighth Amendment claims on appeal; (3) trial counsel prevented petitioner for obtaining meaningful appellate review of trial errors; and (4) he was deprived of due process when the trial court excluded testimony and denied a request for judicial notice.

These claims are sufficient to require a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the amended petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

United States District Court
For the Northern District of California

1  trial record that have been transcribed previously and that are relevant to a determination of the
2  issues presented by the petition.
3       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
4  court and serving it on respondent within thirty days of the date the answer is filed.
5       3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,
6  as set forth in Rule 4 of the Rules Governing Section 2254 Cases, within ninety days of the date
7  this order is filed. If respondent files such a motion, petitioner shall file with the court and
8  serve on respondent an opposition or statement of non-opposition within thirty days of the date
9  the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply
10 within 15 days of the date the opposition is filed.
11      4. Petitioner is reminded that all communications with the court must be served on
12 respondent by mailing a copy of the document to respondent's counsel. Papers intended to be
13 filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also
14 must keep the court informed of any change of address by filing a separate paper with the clerk
15 headed "Notice of Change of Address," and comply with any orders of the court within the time
16 allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this
17 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez*
18 *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).
19 **IT IS SO ORDERED.**

21 Dated:   October 6   , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3

**United States District Court**
For the Northern District of California

1   G:\PRO-SE\WHA\HC.08\MACGREGOR2593.OSC.wpd