IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ANTHONY MacGREGOR,<br><br>    Petitioner,<br><br>  v.<br><br>V. M. ALMAGER,   Warden,<br><br>    Respondent. | No. C 08-2593 WHA (PR)<br><br>**ORDER DENYING PETITION<br>FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted based on the four claims set forth in the amended petition. Respondent has filed an answer and a memorandum of points and authorities in support of it. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

A jury in San Francisco County Superior Curt convicted petitioner of second-degree robbery, *see* Cal. Pen. Code 212.5(c), and found true allegations that the victim was elderly, *see* Cal. Pen. Code 667.9(a), 1203.09(f). The trial court found true allegations that petitioner had two prior "strikes" and two prior serious felony convictions, *see* Cal. Pen. Code 667(a)(1),(d),(e). The trial court sentenced him to a term of 35 years to life in state prison (Resp. Exh. A at 1239-41). The conviction was affirmed on direct appeal by the California

Court of Appeal (Resp. Exh. B). The California Supreme court denied his petition for direct review (Resp. Exh. C), and a subsequent petition for a writ of habeas corpus (Resp. Exh. D).

The following summary of the evidence is derived from the opinion of the California Court of Appeal and the parties' exhibits. *See People v. MacGregor*, No. A111338, slip op. (Cal. Ct. App., Feb. 16, 2007); (Resp. Exhs. B, E).

The victim, a 72-year-old man, testified that while walking home from the grocery store in the Tenderloin neighborhood of San Francisco on July 3, 2000, "I felt an arm around my neck and somebody going in my pocket." He did not resist the thief, and the thief removed his billfold and wallet from his pocket and released him from the headlock. After being released, the victim turned and saw the man who had robbed him and whom he later identified as petitioner about 15 feet away, holding his wallet and hurrying away. The victim then walked over to Officer George Fogarty, who was nearby, pointed to petitioner, and said that petitioner had just stolen his wallet.

Officer Fogarty testified that the man that the victim pointed to was wearing distinctive light blue clothing. Fogarty pursued petitioner on his bicycle and caught up with him. He stopped petitioner and demanded the wallet. Petitioner said that he did not have it anymore, and he retrieved it from underneath a parked car nearby. Petitioner then gave Fogarty a false name and ran away. Fogarty chased Petitioner, caught him, and arrested him, and returned the wallet to the victim.

On August 24, 2000, Inspector Robert Paco conducted a live lineup at which the victim identified Petitioner as the robber. Two defense investigators testified that the victim told them that he did not see the robber's face well enough to identify him. At trial, the victim explained that he meant to say that he did not see petitioner's face initially but that he did see it eventually for about three seconds when petitioner turned and faced him.

**ANALYSIS**

**A.  STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's

2

adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 09 (2000), while the second prong applies to decisions based on factual determinations, *Miller El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412 13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546 47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome Section 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Ibid*.

Under 28 U.S.C. ' 2254(d)(2), a state court decision "based on a factual determination

3

will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding." *Miller El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

The claims raised herein were raised in state court only in petitioner's habeas petition filed in the California Supreme Court. That petition was summarily denied. Section 2254(d)(1) does apply to state court decisions that are unexplained as well as to reasoned decisions. *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). Where, as here, the only state court decision gives no reasoned explanation of its decision on a petitioner's federal claim, and there is no reasoned lower court decision on the claim, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable within the meaning of Section 2254(d)(1). *Plascencia v. Alameida*, 467 F.3d 1190, 1197-98 (9th Cir. 2006). When confronted with such a decision, a federal court should conduct "an independent review of the record" to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law. *Id.* at 1198.

**B.    ISSUES PRESENTED**

As grounds for federal habeas relief, petitioner asserts that: (1) his trial counsel was ineffective in withholding exculpatory evidence at trial, and in trying to have petitioner declared incompetent in order to prevent petitioner from representing himself and presenting certain evidence; (2) his appellate counsel was ineffective in raising claims under the Double Jeopardy Clause and under the Eighth Amendment; (3) trial counsel prevented petitioner for obtaining meaningful appellate review of trial errors; and (4) the trial court excluded testimony and denied a request for judicial notice, in violation of petitioner's right to due process.

**1.    Ineffective Assistance of Trial Counsel**

Petitioner claims that his trial counsel provided ineffective assistance by failing to present exculpatory evidence and by raising the issue of petitioner's competency. In order to prevail on a Sixth Amendment claim of ineffective assistance of counsel, petitioner must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland v. Washington*, 466 U.S.

4

1   668, 686-88 (1984). He must also establish that he was prejudiced by counsel's deficient
2   performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional
3   errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable
4   probability is a probability sufficient to undermine confidence in the outcome. *Ibid.*

5   Petitioner claims that trial counsel should have presented evidence that the victim had
6   known petitioner previously because they lived near each other and both patronized the same
7   grocery store where the victim had shopped just before he was robbed. Counsel, on cross-
8   examination, did in fact ask the victim if he knew petitioner from the neighborhood, and the
9   victim stated that he had lived in the neighborhood for 17 years and had never seen petitioner
10  before (Resp. Exh. E at 151, 191). Moreover, even if evidence could have been presented that
11  the victim had seen petitioner previously, this would have helped his case. Petitioner does not
12  suggest or point to any evidence that the victim had any relationship with petitioner, or any
13  animosity toward him that would cause him to identify petitioner falsely. Indeed, the victim's
14  knowing petitioner would have made his identification of petitioner as the robber more reliable
15  because petitioner would have recognized petitioner when he saw him at the robbery. As a
16  result, it was neither unreasonable nor prejudicial for trial counsel not to present additional
17  circumstantial evidence that the victim might have known petitioner prior to the robbery.

18  Petitioner also complains that his trial lawyers improperly argued that petitioner should
19  not represent himself because he was not competent to do so. According to petitioner, trial
20  counsel did not want him to represent himself because they did not want him to present
21  testimony of two witnesses that when petitioner was arrested he did not swing at the arresting
22  officer. Counsel did not raise the issue of petitioner's competency to represent himself until
23  after the jury reached their verdict, however, by which time they could not have been trying to
24  prevent him from presenting any evidence at trial. Moreover, the evidence that he did or did not
25  swing at the officers was insignificant in the context of the trial. There were no charges of
26  resisting arrest or assaulting a police officer. His swinging, or not swinging, at the arresting
27  officers had little bearing on whether he had committed the robbery earlier, and what little
28  relevance it might have had as reflecting his consciousness of guilt was duplicative of other

5

evidence that petitioner gave Officer Fogarty a false name and ran away. As a result, even if counsel had somehow prevented petitioner from refuting the insignificant and duplicative evidence of his swinging at the arresting officers, this was unlikely to have made any difference in the outcome of the trial.

Petitioner also indicates that one of the jurors recognized him from "casual" sightings in the Tenderloin neighborhood. There is no prejudice to petitioner from any failure by counsel to raise this claim, however, because petitioner indicates that the trial court rejected the claim when it denied the motion for a new trial in which the claim was raised.

Petitioner has not shown that trial counsel's representation of petitioner was unreasonable and that there is a reasonable likelihood that but for counsel's errors there was a reasonable likelihood that the outcome of the trial would have been different. Consequently, the state court's denial of petitioner's claim of ineffective assistance of counsel was neither contrary to nor an unreasonable application of federal law, and petitioner is not entitled to habeas relief on this claim.

### 2. **Ineffective Assistance of Appellate Counsel**

Petitioner's second claim is that appellate counsel was ineffective in raising claims under the Double Jeopardy Clause and under the Eighth Amendment. The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985). Petitioner must show that counsel's performance was objectively unreasonable, which in the appellate context requires the petitioner to demonstrate that counsel acted unreasonably in failing to discover and brief a merit-worthy issue. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). He must also show prejudice, which in this context means that the petitioner must demonstrate a reasonable probability that, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal. *Id.* at 285-86. Petitioner does not argue in this claim that appellate counsel failed to discover or raise a claim, rather he merely faults counsel for raising two claims that were unsuccessful. Petitioner does not assert that by raising these claims counsel was precluded from raising successful claims. There is no prejudice because there is no

6

showing that if counsel had not raised the unsuccessful claims petitioner would not have prevailed on appeal. Consequently, petitioner is not entitled to habeas relief on this claim.

Petitioner's third claim is that appellate counsel failed to raise claims on appeal concerning prosecutorial misconduct; the destruction of part of the transcript; the trial court's excluding the testimony of a witness; newly discovered evidence; trial counsel's refusal to disclose exculpatory evidence to him; and the trial court's denial of a discovery motion pursuant to *Pitchess v. Superior Court,* 11 Cal.3d 531 (1974). Petitioner does not describe in any way what the prosecutorial misconduct was, what parts of the transcript were destroyed or their significance to his post-trial motions or appeal, or what evidence was "newly discovered," nor does he explain how or why these claims had any chance of success. Thus, petitioner falls far short of showing that counsel acted unreasonably in failing to raise these claims on appeal, or that petitioner suffered prejudice thereby.

Petitioner also does not identify what evidence trial counsel is supposed to have withheld from him. To the extent he refers to evidence described above that the victim and petitioner lived and shopped in the same neighborhood, such evidence was not exculpatory for the reasons already discussed and counsel's failure to disclose it to petitioner did not amount to ineffective assistance of counsel. Thus, any appellate claim based on trial counsel's alleged withholding of non-exculpatory evidence would have been without merit.

Petitioner wanted appellate counsel to claim that the trial court erred in excluding testimony by a witness to his arrest, named Jonathan Woodard, that the arresting officers used excessive force while arresting him. Whether or not the arresting officers used excessive force in arresting petitioner has no bearing as to whether or not petitioner had robbed the victim earlier. Any impeachment value such evidence had in contradicting Officer Fogarty's testimony that petitioner swung at him was minimal because this issue was tangential to the issue of whether the robbery had occurred. Indeed, the issue of excessive force would have been a distraction and potential confusion for the jury because it did not have anything to do with whether the robbery occurred. The minimal probative value of the evidence was far outweighed by the distraction of Woodard's testimony on the irrelevant issue of excessive

7

force. Thus, appellate counsel acted reasonably and without prejudice to petitioner in not raising the meritless claim that the trial court should not have excluded Woodard's testimony because the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). Challenging the trial court's denial of petitioner's *Pitchess* motion seeking the officers' personnel records for purposes of a claim of excessive force would have been equally meritless because the use of force during arrest has no relevance to whether or not petitioner committed the robbery.

For the reasons discussed, petitioner has failed to establish that he received ineffective assistance of appellate counsel in counsel's raising the claims of double jeopardy and cruel and unusual punishment and not the other claims suggested by petitioner. Consequently, the state court's denial of these claims was neither contrary to nor an unreasonable application of federal law, and habeas relief is not warranted on these claims.

### 3. **Exclusion of Evidence and Denial of Judicial Notice**

Petitioner claims that the trial court violated his right to due process by excluding Woodard's testimony that the officers used excessive force in arresting petitioner. "Well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes v. South Carolina*, 547 U.S. 319, 324-26 (2006) (discussing whether exclusion of evidence violates due process guarantee of a fundamentally fair trial). For the reasons discussed above, whether or not the arresting officers used excessive force had no relevance as to whether or not petitioner committed the robbery, and its minimal impeachment value was far outweighed by the distraction and confusion that admitting Woodard's testimony would have caused. Thus, its exclusion did not render the trial fundamentally unfair so as to violate due process.

Petitioner claims that the trial court's refusal to take notice of rent receipts, checks and food-stamp documents violated the provisions of the California Evidence Code governing judicial notice. He claims that this constitutes a due process violation. Failure to comply with

8

state rules of evidence is neither a necessary nor a sufficient basis for granting federal habeas relief on due process grounds. *Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999). He cites to no authority, nor does there to be any, that the violation of California's evidentiary rules governing judicial notice constitutes a due process violation. Moreover, for the reasons discussed above, circumstantial evidence that the victim might have known petitioner previously from the neighborhood had no exculpatory value, and thus the failure to take judicial notice of such evidence did not render the trial fundamentally unfair so as to violate due process.

Accordingly, the state court's denial of this claim was neither contrary to nor an unreasonable application of federal law and petitioner is not entitled to habeas relief.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

Dated: March ___31___, 2011.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\MACGREGOR2593.RUL.wpd